### ELIZABETH M. MORRIS *vs.* J. REED WHIPPLE & others.

Suffolk. January 15, 1903. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence. Nuisance.*

Assuming that the occupant of a building on a city street has a right to use the abutting sidewalk for the purpose of temporarily laying down a strip of carpet under a canvas canopy from the doorway to the curbstone, for the accommodation and convenience of his guests, if he does this on a street where a large number of persons are constantly using the sidewalk and at least fifteen hundred pass in an hour, without exercising any care or supervision to see that the carpet after being placed stays in place and remains smoothly spread on the walk, it is a question of fact for a jury, whether his use of the street is unreasonable and negligent, so as to make him liable for an injury to a traveller from stumbling over the carpet while in the exercise of due care.

TORT for injuries from stumbling over a carpet temporarily placed by the defendants across the sidewalk at the Tremont Street ladies' entrance of the Hotel Touraine in Boston. Writ dated July 18, 1898.

At the trial in the Superior Court *Sherman*, J. refused to rule

that upon all the evidence the plaintiff could not recover, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $2,000; and the defendants alleged exceptions.

*C. A. Snow*, for the defendants.

*C. H. Fiske, Jr. (A. Fiske* with him,) for the plaintiff.

BRALEY, J. The defendants asked for a ruling that upon all the evidence in the case the plaintiff was not entitled to recover, and their principal contention is that there was no evidence for the jury tending to show any negligence on their part whereby the plaintiff was injured.

While the defendants as lessees and occupants of their premises might temporarily occupy so much of Boylston Street as adjoined their estate if such occupation by them was connected with its use as a way, this right was not exclusive, but subject at all times to the easement of the public therein. As between them and travellers lawfully using the street, their use of it for their special benefit must be proper and reasonable so as not to unnecessarily obstruct or render the way unsafe for public travel. It is clear that in passing upon this question the location and use of the way become important. What might not be an obstruction or more than a mere temporary inconvenience to travellers, and hence not an unlawful occupation of a highway infrequently used by the public and in a sparsely settled community might become in a village or city where the public ways were more largely and frequently travelled such an annoyance and impediment as not to be justifiable except for a very short period of time, and such a restricted occupation may so interfere with the rights and necessities of citizens generally in their free use of the highway as to make it reasonable to demand the immediate removal of any object therein that may be an obstruction. It follows that the reasonable use by an abutter for his special benefit of a highway that adjoins his land may be so limited in extent as to allow of such use for only a very short period of time in order not to obstruct and interfere with the easement of the public.

What may or may not be a reasonable and proper use by an adjoining owner of a public way and in connection with his land must depend upon the circumstances of each case and no

inflexible rule can be laid down.  What might be a reasonable
and proper use in one case would under other conditions become
an unlawful interference with the rights of travellers and obstruc-
tion of the way.  *Judd* v. *Fargo*, 107 Mass. 264, 267, and cases
cited.  *Smethurst* v. *Barton Square Church*, 148 Mass. 261, 266.

If it be conceded for the purposes of this case that the defend-
ants had a right to use the sidewalk on Boylston Street on which
their property abutted for the purpose of laying down a strip
of carpet three feet wide from the entrance of their hotel to the
edgestone of the sidewalk for the temporary accommodation
and convenience of their guests, and to place over it a canopy
seven feet wide and seven and one half feet in height, stretched
on an iron frame attached to the hotel at one end and supported
at the other by iron uprights, it follows that such occupation of
the street by them must be proper and reasonable, and this would
depend upon the use of the street by travellers as a public way.

The evidence tended to show that the carpet was placed on
the sidewalk in the street at seven o'clock in the evening, and
remained there until half past ten o'clock when the plaintiff
caught her foot in it, fell over it, and received her injury; that
a large number of people were constantly using the sidewalk;
and at that time at least some fifteen hundred persons would
pass in an hour the entrance to the hotel of the defendants;
and while the sidewalk at that place appears to have been well
lighted it does not appear that after placing the carpet any care
or supervision was exercised to see that it stayed in place or
remained smoothly spread on the walk; and a jury might find
notwithstanding that two witnesses called by the defendants
testified to the contrary, that the carpet would be likely to be
displaced and become ruffled and uneven when subjected to this
volume of foot travel, and might thereby render the street at
that place unsafe and dangerous to travellers.  *Toland* v. *Paine
Furniture Co.* 179 Mass. 501, 504.

It cannot be said as a matter of law that to place a strip of
carpet across the sidewalk of a public way, and within its limits,
and thereafter to keep and maintain it there for the length of
time, and under the conditions as to travel and use of the street
disclosed in this case, would be such a temporary occupation of
the street by the defendants in connection with their premises

as might not become an obstruction in its lawful use by the public. *Gargan* v. *West End Street Railway,* 176 Mass. 106, 108.

It was the duty of the defendants in their use of the street, for the purpose shown by the evidence, to exercise reasonable care and diligence that travellers legally thereon and in the exercise of due care were not injured thereby ; and it therefore became a question for the jury, under proper instructions, to determine whether the act of the defendants, and which caused the plaintiff's injury, was unreasonable and negligent. *Commonwealth* v. *Temple,* 14 Gray, 69, 75.

As this is sufficient to dispose of the case it does not become necessary to pass upon or determine whether the act of the defendants constituted a public nuisance.

This disposes of all the questions raised in the case ; as the defendants admitted at the argument that at the time when the plaintiff fell she was in the exercise of due care, and conceded that the exclusion of the evidence offered by them of a similar use of public ways by others became immaterial if the case was decided on the ground upon which we rest our decision.

*Exceptions overruled.*