PATRICK F. BURKE *vs.* CITY OF HAVERHILL.

Essex.   November 2, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Way*, Defect in highway.

Cobble stones six inches in height supporting the edge of a concrete sidewalk, their upper surfaces being even with the line of the concrete walk, cannot be found to be a defect in the highway because a foot traveller coming upon the concrete walk from an intersecting street without a sidewalk has to step up six inches in the manner of stepping upon an ordinary curbstone.

TORT for personal injuries from an alleged defect in School Street in Haverhill at its intersection with Gardner Street in that city.   Writ dated August 31, 1901.

At the trial in the Superior Court before *Sherman*, J., the judge refused the defendant's requests for rulings and submitted the case to the jury.   The jury made the following findings in answer to questions specially submitted to them by the judge : " 1. Did the plaintiff receive his injury on School Street ? *A.* Yes.   2.   On March 30, 1901, had Gardner Court, Lane or Street, become a public highway ; — had it been open for actual general public use and travel, adverse, uninterrupted, and continuous, for more than twenty years ?   *A.* Yes."

The jury returned a verdict for the plaintiff in the sum of $1,600; and the defendant alleged exceptions, all but one of which the decision of the court has made immaterial.

*E. S. Abbott*, for the defendant.

*F. H. Pearl*, for the plaintiff.

BARKER, J.   Many exceptions were taken by the defendant in this action to recover for personal injuries occasioned by an alleged defect in a highway in the defendant city.   We find it unnecessary to consider any of them but the one to the refusal to order a verdict for the defendant on the ground that the evidence would not justify a finding that there was a defective way.   The plaintiff received his injuries by stumbling over certain stones which were a part of and in the westerly edge of a concrete sidewalk on the west side of School Street a public way

where it intersected Gardner Street which was also an open way but with no sidewalks, and which the plaintiff contended was a public way by prescription or a private way for which the defendant was responsible as for a public way, because it had posted no notices that Gardner Street was not a public way or that it was dangerous. The concrete sidewalk on School Street ended about two and one half feet southerly of the northerly line of Gardner Street continued in a direction to cross School Street, and at the line where it ended the concrete was about one and one half inches above the level of the natural ground. For six inches the concrete of the walk was unsupported upon its westerly edge, and from the termination of the six inches, for a space of two feet to the point of intersection of the northerly line of Gardner Street with the westerly line of School Street the concrete of the walk was supported by cobble stones so placed as to be in the westerly line of School Street. These stones were about six inches in height above the soil of Gardner Street, and their upper surfaces were even and in the line of the concrete walk. Their purpose was to hold the concrete of the walk in position, as a curbstone on the edge of a sidewalk next to the part of a street wrought for the travel of teams holds the material of a sidewalk in place. The cobble stones presented to a traveller about to pass upon the sidewalk from Gardner Street an even and regular surface making a step only six inches high, and of the same character as that which the traveller must surmount in going upon any curbed sidewalk from the part of the way devoted to the passage of teams and vehicles. Such steps are commonly found also wherever sidewalks are intersected by driveways or by other streets. If, as in the present instance, they are not more than six inches in height and present an even surface with a substantially level top not higher than the sidewalk, the material of which they are designed to hold in place, they are no more dangerous to the foot traveller than the ordinary curbstone, and we are of the opinion that a jury ought not to be allowed to find such a construction to be a defect in the way, any more than to find the ordinary curbstone a defect even when the step is one which a traveller coming to the sidewalk from an intersecting way has to surmount.

In *Flynn* v. *Watertown,* 173 Mass. 108, on which the plaintiff

relies, the end of the cross walk might have been found upon the evidence to be a foot higher than the part of the street over which the plaintiff went to approach it and to have been uneven at its upper edge. In *George* v. *Haverhill*, 110 Mass. 506, the alleged defect consisted of plank two inches wide set transversely across the sidewalk at a point where a construction of brick and of gravel met, and standing in the centre of the walk two and one half inches above the general level of the walk and at the ends of the plank three inches. In *Marvin* v. *New Bedford*, 158 Mass. 464, the defect was a hole or depression in the sidewalk.

In *Redford* v. *Woburn*, 176 Mass. 520, and in *O'Brien* v. *Woburn*, 184 Mass. 598, the alleged defect was a water shut-off box rising in the sidewalk above its general surface, and in *Nestor* v. *Fall River*, 183 Mass. 265, the tree root projected above the level of the walk. In *Sampson* v. *Boston*, 184 Mass. 46, the pile of paving stones left on the edge of the walk was no part of the construction. If there had been no support for the concrete where it was supported by the cobble stones, its surface must have been so sloped as to make it more dangerous for a traveller than to descend or ascend a perpendicular step only six inches high, for if left unsupported the concrete would have disintegrated irregularly, which would have made the walk still more dangerous.

*Exceptions sustained.*