MARGARET HEANEY *vs.* COLONIAL FILLING STATIONS, INC.
SAME *vs.* CITY OF LOWELL.

Middlesex.    November 10, 1927. — January 25, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, In use of way, Contributory. *Way*, Public: defect. *Municipal Corporations*, Officers and agents. *Evidence*, Competency.

An action against a corporation, proprietor of a gasoline filling station, for personal injuries received in a fall when the plaintiff, a woman, stepped

into a driveway built by the defendant across the public sidewalk in a city below the surface of the walk, was tried with an action against the city alleging a defect in the sidewalk as the cause of the injuries. It appeared that the city had accepted the provisions of St. 1921, c. 383, § 30, Part 6, and of St. 1922, c. 237; that about four months before the plaintiff's fall the city's board of public service, on application by the corporation, then contemplating the erection of a gasoline station, had voted to allow it "to do the work at their own expense, as per plan on file" which was not introduced in evidence, and within a month thereafter the corporation had dug up a portion of the sidewalk which was built of concrete, and had put in a cement driveway with a perpendicular drop of five and one half inches from the sidewalk. There was no mark on the sidewalk or driveway indicating any difference in grade. There was no evidence that the plaintiff was injured by any negligence of the defendant while the driveway was being built, nor that the corporation departed from the specifications and plan of the permit given by the board of public service. The plaintiff's fall was at noon on a clear day. She testified that she was passing over the sidewalk for the first time since the construction of the filling station, knew nothing of the changed conditions and believed that the "sidewalk was perfectly straight." *Held,* that

(1) The question, whether negligence of the plaintiff contributed to her injury, was for the jury;

(2) There was no evidence of a defect in the way within the provisions of G. L. c. 84, § 15;

(3) There was no evidence of unlawful or negligent conduct on the part of the corporation;

(4) Evidence that approval of a permit to the corporation by the superintendent of streets and the city engineer had not been obtained properly was excluded, there being no evidence that any action by these officers was required;

(5) Evidence of a conversation of the chairman of the board of public service with a representative of the corporation, and of proceedings of the board after the granting of the permit, when the attention of the corporation's representative was called to an alleged dangerous condition of the sidewalk, properly was excluded.

TWO ACTIONS OF TORT for personal injuries caused by a fall on Gorham Street in Lowell on July 18, 1924. Writs dated March 6 and May 8, 1925, respectively.

The declaration and a bill of particulars in the first action set forth that the plaintiff's fall was caused by the defendant's constructing and maintaining a driveway and sidewalk at the place of the plaintiff's fall "in an improper, negligent and defective manner in that said sidewalk, being located about six feet southerly from the intersection of the southerly side of Locke Street with the driveway of the de-

fendant, and said driveway is about five inches below the level of said sidewalk and the said edgestone, driveway and sidewalk are constructed of the same material, to wit, concrete, and there are no distinguishing marks or color to indicate where the sidewalk ends and the driveway begins." The declaration in the second action set forth an alleged defect under G. L. c. 84, § 15.

The actions were tried together in the Superior Court before *Sisk,* J.   Material evidence is stated in the opinion. At the close of the plaintiff's evidence, the defendants rested and on their motion the judge ordered verdicts in their favor. The plaintiff alleged exceptions.

*R. B. Walsh,* for the plaintiff.

*J. P. Donahue,* City Solicitor, for the defendant city of Lowell.

*W. I. Badger,* for the defendant Colonial Filling Stations, Inc.

BRALEY, J.   These are actions of tort for personal injuries caused by the plaintiff, a pedestrian, falling on the westerly side of Gorham Street, a public way in the city of Lowell, which she alleges was in a defective condition.   Verdicts having been ordered for the defendants, the cases are before us on the plaintiff's exceptions.

It was admitted that the accident happened at a driveway on the westerly side of, and within the limits of the travelled part of Gorham Street, a public way which the city was required to maintain, and that notice of the time, place, and cause of the accident was given.   The plaintiff introduced evidence tending to show that prior to April 10, 1924, there had been on Gorham Street a sidewalk of asphalt extending southerly from the intersection of Locke Street with Gorham Street, the surface of which was level, and that there was no driveway at that time.   On March 6, 1924, however, the defendant, the Colonial Filling Stations, Inc., contemplated the erection of a gasoline filling station at the place just described, and the board of public service of the city on application voted to allow it "to do the work at their own expense, as per plan on file" which was not introduced in evidence.   The corporation about April 10, 1924, accord-

ingly dug up the sidewalk and put in a cement driveway. The former grade of the sidewalk was lowered so that, at a point about six feet southerly from the curbstone at the corner of Locke Street, there was a perpendicular drop or difference in grade of five and one half inches. The plaintiff, while walking over the sidewalk southerly about noon on July 18, 1924, fell into the driveway because of the lowering of the sidewalk to the level of the driveway. The day was unclouded, the cement of the sidewalk and of the driveway was white, and there was no mark on the sidewalk or driveway indicating any difference in grade.

It is contended by the defendants that the plaintiff did not use due care and that her negligence bars recovery. But the plaintiff testified that she was passing over the sidewalk for the first time since the construction of the filling station, and knew nothing of the changed conditions and believed that the "sidewalk was perfectly straight." The question of the plaintiff's due care in view of the circumstances was for the jury. *Britton* v. *Cummington*, 107 Mass. 347. *Joyner* v. *Great Barrington*, 118 Mass. 463.

The city, which had notice of the condition of the sidewalk, contends that the street as it existed when the plaintiff was injured was as matter of law reasonably safe and convenient for the use of travellers. G. L. c. 84, § 1. The abrupt descent of five and one half inches is not more dangerous to pedestrians than a curbstone over which the traveller passes when coming to a sidewalk of an intersecting street. It was held in *Burke* v. *Haverhill*, 187 Mass. 65, that cobblestones, set on a portion of the edge of a concrete sidewalk, over which the plaintiff fell when crossing from an intersecting street while stepping up six inches, and which upon their upper surface were even with the line of the concrete of the sidewalk, did not cause the way to be unsafe and defective. The maintenance of a properly constructed curbing in a public way which a pedestrian in crossing steps on or over and stumbles in passing is not materially different from the construction of a driveway the width of the sidewalk, leaving a depression in the surface of the way of the character in question. And a driveway affording access to private

property from a public way is not unusual. It is incidental to the ordinary and common construction of ways for public travel.

The plaintiff in the action against the Colonial Filling Stations, Inc. charges that the defendant's negligence in making the changes caused her injuries. The board of public service under St. 1921, c. 383, § 30, Part 6, which the record states was accepted by the city, had all the powers relating to the construction and reconstruction of sidewalks conferred on the aldermen of a city by G. L. c. 83, § 25; and St. 1922, c. 237, also accepted by the city did not affect the powers of the board of public service as defined in St. 1921, c. 383, § 30, Part 6.

The exclusion of the plaintiff's offer of the application to the superintendent of streets and sewers for a permit, and the permit, and the offer to show that the approval of the superintendent of streets and the city engineer had not been obtained, shows no error. There is no evidence that any action by these officers was required, nor was it necessary that the permit should be approved by the superintendent of streets. We assume, in the absence of any contrary statement in the record, that the sidewalk had been established by the public authorities, and that it could not be dug up or obstructed without the approval of the board having charge of the maintenance and repair of public ways. G. L. c. 83, § 25. The defendant therefore was not acting unlawfully when pursuant to the permit it made the necessary excavation, and built the driveway. See *Richardson* v. *Pond*, 15 Gray, 387; *Salisbury* v. *Herchenroder*, 106 Mass. 458; *Commonwealth* v. *Byard*, 200 Mass. 175.

It is not contended that the plaintiff was injured by any negligence of the defendant while the driveway was being built, nor was there evidence that the defendant departed from the specifications and plan of the permit, and the evidence offered by the plaintiff that the chairman of the board had told a representative of the defendant that the condition of the driveway must be changed was excluded rightly. The opinion of the chairman could not modify nor alter the official action of the board. The proceedings of

the board after the permit was issued, that the city engineer should ask representatives of the defendant to be present at the next meeting, and that a letter containing such request be sent to the defendant, as well as evidence that a representative of the defendant was told at a meeting of the board about the dangerous condition of the sidewalk, and that it was left for the company to paint a line, were also inadmissible for the same reason.

It follows that in each case the exceptions must be overruled.

*So ordered.*