## ALICE P. GEORGE *vs.* CITY OF MALDEN.

Middlesex. February 2, 1931. — February 26, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Way,* Public: defect. *Negligence,* Contributory.

At the trial of an action of tort against a city under G. L. c. 84, § 15, for personal injuries, there was evidence that the plaintiff, a traveller on a brick sidewalk, fell when his foot caught on a granite edge stone or slab extending nearly across the sidewalk at a place where a driveway once had been; that the stone, which had a worn and rounded edge, was raised above the adjoining bricks about one and one half inches "and a little more than that" at that place, and gradually rose higher towards the opposite side of the sidewalk; that the stone, to the knowledge of the plaintiff, had been in such condition "for years"; that the plaintiff "did not think . . . [the depression] was so deep that . . . [he] would fall over it"; and that "it was deeper than . . . [he] expected." *Held,* that

(1) A finding was warranted that the city had constructive notice of the alleged defect, and that reasonable supervision by the proper officers would have disclosed, and reasonable diligence would have remedied, the defective and unsafe condition;

(2) It could not properly have been ruled as a matter of law that the stone, in the condition disclosed by the evidence, was not a defect, nor that the sidewalk at the place of the accident was reasonably safe for travel;

(3) Whether the plaintiff was guilty of contributory negligence was for the jury;

(4) A verdict for the plaintiff was warranted.

TORT. Writ dated June 5, 1925.

Material evidence at the trial in the Superior Court before *Keating,* J., is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court upon a stipulation that, if the ordering of the verdict was correct, judgment should be entered for the defendant on the verdict; otherwise judgment should be entered for the plaintiff in the sum of $1,200.

*J. J. O'Connor,* for the plaintiff.

*M. L. Brown,* for the defendant.

CROSBY, J.   There was evidence tending to show that the plaintiff, while a traveller upon Washington Street, a public way in the defendant city, caught her toe on a granite edge stone or slab and received an injury.   She testified that the slab extended nearly across the sidewalk; that while walking along about a foot from the inside edge of the sidewalk she suddenly fell, striking her right shoulder; that after she got up she saw the granite edge stone where there was once a driveway and the stone had been left across the walk; that as she put her foot down her toe struck the edge stone, which she estimated at that place was raised above the brick walk about one and one half inches " and a little more than that "; that she had known that the edge stone was there before the accident and had noticed some sort of a depression there; " that it had been that way for years "; that she did not think it was so deep that she would fall over it; that it was deeper than she expected.   She further testified that the slab was higher at the end nearer the inner part of the sidewalk than at the point where she stubbed her toe; that towards the middle of the walk the rise above the level was gradually less.   There was evidence that the edge of the stone was worn off and rounded over.

Upon this evidence it could have been found that the defendant city had constructive notice of the alleged defect, and that reasonable supervision by the proper officers would have disclosed, and reasonable diligence would have remedied, the defective and unsafe condition.   The evidence was conflicting as to the distance which the stone projected above the level of the sidewalk at the place where the plaintiff fell.   The jury could have found upon her testimony that the stone was raised at least one and one half inches above the level of the walk.   Upon such a finding it could not have been ruled that there was not a defect.   Upon the evidence of the plaintiff, including the photograph submitted at the argument, it could not, in the opinion of a majority of the court, properly have been ruled that the sidewalk at the place of the accident was reasonably safe for travel.   The case is governed in prin-

ciple by *Loan* v. *Boston,* 106 Mass. 450, *Redford* v. *Woburn,* 176 Mass. 520, where the plaintiff was injured by stumbling over a water shut-off box in a sidewalk which projected an inch and a quarter above the level of the walk, *Lamb* v. *Worcester,* 177 Mass. 82, *O'Brien* v. *Woburn,* 184 Mass. 598, *Howe* v. *Marlborough,* 204 Mass. 26, and cases cited, *Thomas* v. *Winthrop,* 222 Mass. 456, *Junkins* v. *Stoneham,* 234 Mass. 130, *Murphy* v. *Somerville,* 253 Mass. 544, *Witham* v. *Boston,* 262 Mass. 291, *Cook* v. *Boston,* 266 Mass. 159, *Budri* v. *West Springfield,* 269 Mass. 19, *Guidi* v. *Great Barrington,* 272 Mass. 577, and is distinguishable from *Newton* v. *Worcester,* 174 Mass. 181, and other cases cited by the defendant, which held that upon the facts therein appearing no defect in the way existed as matter of law.

Although the plaintiff had passed over the sidewalk at the place where she fell on many previous occasions and knew the condition of the walk, she is not thereby precluded from recovery. Whether at the time of her injury she was in the exercise of reasonable care was a question of fact for the determination of the jury. In accordance with the terms of the report judgment is to be entered for the plaintiff in the sum of $1,200.

*So ordered.*