# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

MATTHEW M. GUSTAT *vs.* CITY OF EVERETT.

Middlesex.   November 4, 1931. — December 28, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Way*, Public: defect.

Opposite a private driveway leading to a house and stable, a city constructed a ten foot entrance from the public way with curbing two and one half inches lower than the curbing on either side and with a slope in the concrete sidewalk running upward two and one half inches in a space of twelve inches from the curb line.   Later the house and stable were demolished and a block of stores built flush with the inside of the sidewalk but with a door nearly opposite such entrance from the street.   One, alighting from a truck which had stopped at the curbing opposite such door, turned his ankle and was injured when he stepped in part on that portion of the curbing where there was a change of height at one side of the entrance way; and he brought an action against the city under G. L. c. 84, § 15, for injuries so sustained.   A verdict was ordered for the defendant.   The plaintiff alleged exceptions.   *Held*, that

(1) The change of level in the surface of the curbing and sidewalk to accommodate a passageway to premises to which the abutting owner was entitled, with abrupt drop at beginning and end, did not constitute an actionable defect under G. L. c. 84, § 15;

(2) The circumstances did not show an abandonment or surrender by the abutting owner of such right to the passageway; the defendant rightly permitted it to remain;

(3) The verdict rightly was ordered.

TORT under G. L. c. 84, § 15.   Writ dated September 6, 1927.

In the Superior Court, the action was tried before *Weed,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

J. C. *Johnston,* for the plaintiff.

H. H. *Newton,* City Solicitor, for the defendant.

WAIT, J. The only questions presented on this report are whether a condition at the curbstone of Ferry Street in Everett constituted a defect in the way for which the city was liable under G. L. c. 84, §§ 1, 15; and whether lack of due care of the plaintiff contributed to his injury.

In 1900 the city set edgestones along a sidewalk on Ferry Street southeast of Rock Valley Avenue. The stones, in general, stood seven inches above the level of the carriage way of Ferry Street; but at a point not far from Rock Valley Avenue, for a space of ten feet, the curb was laid about four and one half inches above the Ferry Street surface. This was done at a driveway then in use across the sidewalk to a house and stable on the abutting premises, in order to allow easy access to the driveway. There was left an abrupt drop of about two and one half inches where the ends of the lower and higher curbstones met. In 1914 the city laid a grano-lithic sidewalk in place of the earlier gravel walk; and, where the driveway ran, beginning about twelve inches from the outer surface of the edgestone, graded the new surface evenly down to the outer edge of the lower curbing. This left an abrupt rounded rise in the walk at either end of the depressed curb varying in depth from two and one half inches at the outer edge of the curb to nothing at a point twelve inches back toward the property line, as if a wedge ten feet long, twelve inches wide, and from nothing to two and one half inches in depth had been taken out of the level sidewalk. The surface of the walk and of the curbing was in good con-dition at the time of the accident, July 30, 1927. It was admitted that no defect existed unless the drop at the abrupt faces of the triangular ends of the higher curbstones con-stituted defects. At least a year before the accident the house and stable served by the driveway were demolished and a block of stores was built on the abutting lot flush with

the street line, so that it became impossible to drive across the sidewalk on to the lot. A doorway to one of the stores stood nearly opposite the depressed curbstone. A truck or wagon could back up to this door over the lowered curbstone and the graded sidewalk.

On the forenoon of July 30, 1927, a truck in which the plaintiff was riding stopped parallel with the curb and about six inches from it, so that he could deliver some goods at a store a little behind the place at which it came to rest. The seat was about opposite the lowered curb at the end nearer the store he wished to visit. The door opened outward and toward the radiator. The plaintiff, with his back to the sidewalk, took a bundle from the driver and alighted by putting his right foot on the running board and next placing his left foot on the curbing where the higher and lower stones met. As the whole foot was not supported by either the higher or lower curbstone his ankle turned, and he was thrown down.

In our opinion there was no actionable defect.

The abutting owner was entitled to passage to his premises across the sidewalk for vehicles from the surface of the street travelled by them. *Anzalone* v. *Metropolitan District Commission*, 257 Mass. 32. *Dwyer* v. *Metropolitan District Commission*, 269 Mass. 573. A change of level in the surface of the sidewalk and curbing to accommodate such passageway, with abrupt drops at beginning and end, does not constitute an actionable defect in the way. *Heaney* v. *Colonial Filling Stations, Inc.* 262 Mass. 338. No one, we think, can justly claim that the city of Everett was liable for a defect in the way so long as the driveway was in use. Nor do we think what had not been a defect became a defect when the block of stores was built along the street line. The right to the driveway was in the abutting owner. Until he notified the city of an abandonment of the right, it was justified in leaving conditions as they were. The construction of the store block and the lapse of time thereafter do not, in our opinion, constitute sufficient notice of abandonment. Especially is this so where a doorway of the block is so placed that it can be served by the driveway. Any other rule would place an unreasonable burden upon

cities and towns. Changes in the use of abutting premises are frequent. The changed use or construction may not be long continued. The same condition of the way might be at one time a defect and at another time not a defect, dependent on the will of the abutter in the use of his premises. We cannot believe the Legislature intended to impose such a burden of construction and reconstruction upon the municipalities when it required them to maintain their highways in reasonably safe condition for travel. A different situation calling for a different decision would exist if there had been an unnecessary danger due to neglect in repair of the existing construction. The cases in which liability has been found to exist for injuries due, in part, at least, to sudden drops at changes of sidewalk level at driveways or intersecting streets have been instances where such lack of repair has contributed to the injury. In *Howe* v. *Marlborough*, 204 Mass. 26, and *George* v. *Malden*, 274 Mass. 606, the question of defect was held to be for the jury. In *Burke* v. *Haverhill*, 187 Mass. 65, it was held that as matter of law there was no defect. See *Heaney* v. *Colonial Filling Stations, Inc.* 262 Mass. 338. In *George* v. *Malden*, 274 Mass. 606, decided by a divided court and the case most closely resembling the case before us upon its facts, the question here presented was not raised nor discussed. No case directly in point has been called to our attention. We think the trial judge was right in ordering a verdict for the defendant; and pursuant to the report, judgment is to enter for the defendant.

*So ordered.*