SOLOMON ABRAHAMS *vs.* PHILIP ZISMAN.

Suffolk.    January 8, 1936. — January 31, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Landlord and Tenant,* Common passageway, Landlord's liability to tenant or his family or his invitee. *Negligence,* One owning or controlling real estate.

That one corner of a common granolithic walk running on private land from a public sidewalk and in control of the landowner was slightly higher than the sidewalk, was not evidence of his negligence toward one injured by stumbling over the corner while using the walk in the right of a tenant of the premises, though there had been no difference in level when the tenancy began.

TORT. Writ in the Municipal Court of the City of Boston dated September 17, 1934.

The action was heard in the Municipal Court by *Donovan,* J., who found for the plaintiff in the sum of $200. The Appellate Division ordered judgment for the defendant, and the plaintiff appealed.

The case was submitted on briefs.

*E. M. Dangel, C. Shulman, & S. Andelman,* for the plaintiff.

*H. E. Cryan, E. P. Shaw, & J. A. Bradley,* for the defendant.

LUMMUS, J. The father of the minor plaintiff was a tenant at will in a house owned by the defendant. A granolithic walk extended from the front steps over the defendant's land to the public sidewalk. It is not questioned that the granolithic walk was a common passageway in the control of the defendant. At the time when the tenancy began there was no difference in grade between the granolithic walk and the public sidewalk.

In October, 1933, the city laid a new sidewalk, and in so doing changed the grade so that one corner of the adjacent end of the granolithic walk was at the grade of the sidewalk, and the remainder of the end of the granolithic walk was at an increasingly higher grade, the other corner being between one and one half inches and three inches higher than the sidewalk. The defendant, the plaintiff, and the plaintiff's father were all familiar with the change. There were bushes along both sides of the granolithic walk, which concealed the end of the granolithic walk from a person approaching it while walking on the sidewalk. On December 2, 1933, at night, the plaintiff, while returning home by way of the sidewalk, turned into the granolithic walk, stumbled on the corner which was higher than the sidewalk, and was hurt. The judge found for the plaintiff, but the Appellate Division ordered judgment for the defendant, on the ground that the defendant, although he owed a duty to keep the walk itself in as good a condition as it was or appeared to be at the time of the letting (*Sordillo* v. *Fradkin*, 282 Mass. 255, 257), owed no duty to change a structure safe when built, and free from defect, merely because an act of the city beyond the premises in his control had resulted in danger at the boundary line. The plaintiff appealed.

We need not determine the point upon which the case was decided below. Even if the difference in grade had been due to a positive act of the defendant, no negligence could be found. A step between one level and another does not ordinarily warrant a finding of negligence. *Ware* v. *Evangelical Baptist Benevolent & Missionary Society of Boston*, 181 ·Mass. 285. *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194, 196, 197. Differences in grade are especially to be expected at the division line between a public sidewalk and private property. One has no right to expect that the height of the riser will be uniform. "People cannot expect upon land obviously in private ownership next a street the same condition that they might anticipate in a public sidewalk." *Hoyt* v. *Woodbury*, 200 Mass. 343, 345.

Cases holding that a substantial difference in grade

between parts of a public sidewalk may be evidence of negligence by a municipality towards travellers, are not controlling. Travellers ordinarily may expect free passage unimpeded by sudden changes in grade. *Sullivan* v. *Worcester,* 232 Mass. 111. *George* v. *Malden,* 274 Mass. 606. *Eaton* v. *Springfield,* 277 Mass. 128. *Sears* v. *Greenfield,* 287 Mass. 445. Even in highway cases, certain customary though abrupt differences in grade have been held insufficient to constitute defects. *Burke* v. *Haverhill,* 187 Mass. 65. *Heaney* v. *Colonial Filling Stations, Inc.* 262 Mass. 338. *Gustat* v. *Everett,* 278 Mass. 1. See also *Howe* v. *Marlborough,* 204 Mass. 26.

*Order of Appellate Division affirmed.*