MARY E. DOWNES *vs.* JESSE SILVA *et al.*

FEBRUARY 10, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This is an action of trespass on the case for negligence. The case is before us on the plaintiff's exception to a ruling of the trial court sustaining a substantial demurrer to the declaration. The plaintiff in each of the two counts of the declaration avers that, while in the exercise of due care, she was injured when she stepped

into an excavation directly contiguous to the sidewalk upon which she had been walking. The first count avers a breach of duty in failing to maintain some form of protective barrier to safeguard travelers on the highway against falling into this excavation. The second count alleges that this excavation constituted a public nuisance which should be abated.

This action is brought against the contractor who was doing the excavation and building work, and the owner of the land, who are joined for the purpose of determining which is liable under the provisions of General Laws, 1923, Chapter 333, Sec. 20. The contractor pleaded the general issue. The landowner filed a demurrer alleging (1) that no duty was owed plaintiff, who was a trespasser; (2) that the declaration does not allege that the builder was not an independent contractor; (3) that the declaration is vague and (4) that no cause of action is set forth. The trial court sustained the demurrer on the first ground and expressly did not pass upon the other grounds of demurrer. As the demurrer merely questions the sufficiency of the declaration, our examination is restricted to the allegations therein contained.

While as a general rule a landowner owes no duty to a trespasser except to refrain from wilfully or wantonly injuring him, this general rule is subject to qualification as to technical trespassers. Where an unguarded excavation on private property is so near the highway as to be dangerous to users of the highway, a traveler falling into the excavation while in the exercise of due care may recover, even though the fall involved an entry into private property amounting to a technical trespass. Recovery in such cases may be predicated upon negligence in not maintaining some protective guard or warning, *Sutphen* v. *Hedden,* 67 N. J. L. 324, *Beck* v. *Carter,* 68 N. Y. 283, or it may arise out of the existence of a public nuisance. *Barnes, Admr.* v. *Ward,* 9 C. B. 392; *Beck* v. *Carter, supra.*

The declaration in the instant case avers that the plaintiff, a traveler on the highway in the exercise of due care, stepped and fell into this excavation. Clearly, under such allegations the plaintiff may, if her evidence substantiates her pleadings, bring herself within this exceptional class of technical trespassers. It was, therefore, error for the trial court to sustain the demurrer on this ground. Although the other grounds of demurrer were not passed upon by the court below, we deem it advisable at this time to dispose of all the grounds raised. The second ground of demurrer is also untenable. The two defendants are joined under the provisions of Sec. 20, Chapter 333, G. L. 1923. It is not necessary for the plaintiff to allege that the builder was not an independent contractor, as this is a matter of defense. The rule of liability in such cases is to attach responsibility to the person who assumes control, regardless of whether there is an independent contractor or not. See *Read* v. *East Providence Fire District*, 20 R. I. 574. The evidence to be introduced at the trial will determine this question of control and thereby the question of the liability of the one defendant or the other will be determined. The third and fourth grounds of demurrer are effectively disposed of by the above considerations and are without merit.

The plaintiffs exception is sustained and the case is remitted to the Superior Court for further proceedings.

*Augustine H. Downing*, for plaintiff.

*Robinson & Robinson, Joseph E. Adelson*, for defendant, Hazel Rufful.