FLORENCE L. WHITE *vs.* CITY OF WORCESTER.

Worcester.     September 21, 1942. — October 28, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Way*, Public: defect.

The mere fact that a driveway formerly leading from a public way across the sidewalk into a garage was five inches below the sidewalk level at its outer end did not constitute it a defect under G. L. (Ter. Ed.) c. 84, § 15, when the garage was replaced by a building constructed flush with the street line across the inner end of the driveway.

TORT. Writ in the Superior Court dated August 3, 1939. The action was tried before *Broadhurst*, J.

*J. R. Martin*, for the plaintiff.

*P. R. O'Connell*, Assistant City Solicitor, (*W. D. Allen*, City Solicitor, with him,) for the defendant.

RONAN, J. The plaintiff, who was employed in a building abutting the sidewalk where she was injured, left her place of employment at about three o'clock in the morning of July 4, 1939, and was walking along the outer edge of the

granolithic sidewalk when she was thrown and injured by reason of stepping down about five inches into a driveway that the defendant city had constructed over the outer portion of the sidewalk. This driveway, which was about eighteen feet in width, started at its mouth at a level with that portion of the highway set apart for vehicular travel, and then sloped upwards across the sidewalk for a distance of two and one half feet, where it then became even with the level of the sidewalk. On each side of the driveway at its mouth was a rounded corner piece of curbing which, after following the regular line of the straight curbing of the sidewalk, turned at right angles and extended and traversed the sidewalk for a distance of two feet, at which point it became level with the sidewalk. The plaintiff was injured while stepping down five inches from one of these curbings onto the adjoining surface of the driveway. The judge, subject to the plaintiff's exception, directed the jury to return a verdict for the defendant.

The driveway was in good condition and free from any structural defects. It was a type of driveway that one travelling along the sidewalk of a city or town might ordinarily expect to meet. There was nothing about its location, size or the distance that it sloped below the adjoining portion of the sidewalk, that would make it a defect for which the city could be held liable under G. L. (Ter. Ed.) c. 84, § 15. *Burke* v. *Haverhill*, 187 Mass. 65. *Heaney* v. *Colonial Filling Stations, Inc.* 262 Mass. 338. *Gustat* v. *Everett*, 278 Mass. 1. *Abrahams* v. *Zisman*, 293 Mass. 375. *Clohecy* v. *Haverhill*, 299 Mass. 378.

This driveway had served as an entrance to a garage upon the abutting premises which had been demolished, and the present wooden building, erected flush with the street line across the driveway, had been constructed at least three years prior to the accident. The plaintiff contends that the use of these premises had become so changed that there was no longer any need for a driveway and that the city should have eliminated it by reconstructing the sidewalk to conform to the general level of the walk. There was no evidence that the abutting owner had made no use

of the driveway since the erection of the present building. There was a large window opposite the driveway and a pipe for the delivery of fuel oil. Even if the nature of the business conducted on these premises did not require the use of the driveway, the city, so far as it appears, had not been so notified by the owner. To hold that a driveway, which was not a defect under G. L. (Ter. Ed.) c. 84, § 15, when used in conjunction with the adjoining premises, became a defect when the owner converted his premises to a purpose that did not require the further use of the driveway would impose an undue burden on municipalities. The statutory liability of the city to maintain its public ways in a reasonably safe condition for travellers ought not to be predicated upon the mere intention or expectation of the owner of the abutting premises to enjoy or abandon the use of an existing driveway across the sidewalk. The case at bar is similar in its salient features to *Gustat* v. *Everett*, 278 Mass. 1, and is governed by it. See *Clohecy* v. *Haverhill*, 299 Mass. 378.

*Exceptions overruled.*