JOHN F. REAGAN *vs.* TOWN OF BELMONT.

Middlesex.    February 8, 1944. — June 6, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Way*, Public: defect. *Proximate Cause*. *Negligence*, Contributory, Use of way.

It could not properly have been ruled that a cement block raised two and one half inches above the surface of a public sidewalk was not a defect within G. L. (Ter. Ed.) c. 84, § 15.

Whether a traveller's fall upon a cement block raised above the level of a public sidewalk was proximately caused by a physical infirmity impairing his ability to raise his feet in walking was a question for the jury on the evidence.

Evidence merely that a traveller on a public sidewalk had known for several years of a raised cement block over which he fell and was injured did not require a ruling that negligence on his part contributed to his fall.

TORT. Writ in the Superior Court dated October 21, 1940.

The action was tried before *Hanify,* J.

*F. J. Johnson,* for the defendant.

*P. K. Finegold, (E. A. Wessling* with him,) for the plaintiff.

DOLAN, J. This is an action of tort in which the plaintiff seeks to recover compensation for personal injuries alleged to have been sustained by him as a result of falling on a sidewalk in the defendant town of Belmont. The case was tried to a jury, and at the close of the evidence the defendant filed a motion for a directed verdict in its favor. This motion was denied by the judge, subject to the defendant's exception, and the jury returned a verdict for the plaintiff.

The defendant's first contention is that the evidence required a ruling that the alleged defect in the sidewalk, a block of cement into which an electric light pole was set in the sidewalk, was not such an imperfection as would entitle the plaintiff to recover, since witnesses for the defendant had testified that the rise of the block above the level of the sidewalk was not more than an inch. With respect to this contention the defendant relies largely upon *Vellante* v. *Watertown,* 300 Mass. 207, and similar cases, where the alleged defect was a rise or depression from the level of the sidewalk which did not exceed seven eighths of an inch to two inches.

The defendant's second contention is that upon all the evidence a ruling was required that the accident was due to certain physical disabilities of the plaintiff which deprived him of full power of locomotion, resulting in a shuffling gait and inability to raise his feet from the level upon which he walked.

The third contention of the defendant is that, since the evidence discloses that the plaintiff had known of the alleged

defect in the sidewalk for practically two or three years before the accident, a ruling was required that he was guilty of contributory negligence.

In weighing these contentions the case must be considered in the light of the evidence most favorable to the plaintiff. Thus considered we do not sustain the first contention of the defendant that the imperfection in the sidewalk was so trifling that it could not have been found to be such a defect as would entitle the plaintiff to recover. There was evidence that the rise of the block where the plaintiff tripped and fell was two and a half inches above the level of the sidewalk. It could not have been properly ruled that this projection above the level of the sidewalk in question was not a defect for which the defendant was responsible. *George* v. *Malden*, 274 Mass. 606. *Sears* v. *Greenfield*, 287 Mass. 445. *Smith* v. *Fall River*, 295 Mass. 88. The jury were not obliged to believe the evidence of witnesses for the defendant that the projection in question was not more than one inch. And the evidence would warrant the jury in finding, as they must have found, that the defect had existed for so long a time that the defendant had, or in the exercise of reasonable care should have had, notice thereof and should have taken action to remedy it.

With respect to the second contention of the defendant, there was evidence from which the jury could have found that at the time of the accident the plaintiff's physical disabilities did not cause him to shuffle when he walked; that he was "walking fairly good . . . he didn't bring his foot up as much as the normal person does; that he didn't pick his feet up too much, but he didn't shuffle." The jury could believe this evidence, and whether the physical disabilities of the plaintiff were the proximate cause of his injury presented a question of fact for them.

We do not sustain the third and final contention of the defendant that, by virtue of the fact that the plaintiff had known of the condition of the sidewalk for two or three years before the accident, a ruling was required that the plaintiff was guilty of contributory negligence. It is settled that the plaintiff's previous knowledge of the defect

was evidence for the jury in determining whether he was lacking in due care but that previous knowledge that some danger exists is not conclusive of the negligence of one who fails to avoid it. *Barton* v. *Boston,* 301 Mass. 492, 494, and cases cited. *Sullivan* v. *Saugus,* 305 Mass. 127. *Mello* v. *Peabody,* 305 Mass. 373. See *Lamereaux* v. *Tula,* 312 Mass. 359. The case was rightly submitted to the jury.

*Exceptions overruled.*