ELMER S. JOHNSON *vs*. TOWN OF ORANGE.

Franklin.    September 18, 1946. — November 2, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Way*, Public: defect.    *Evidence*, Opinion: expert.

A public sidewalk six and one half feet wide, at a place where it was crossed by a driveway running from land adjoining the way to the street, was not rendered defective within G. L. (Ter. Ed.) c. 84, § 15, merely by reason of the fact that the driveway, throughout its width of forty-two feet, had a slope to the street of not more than one and seven sixteenths inches per foot.

It was not error to exclude testimony, offered as the opinion of an expert, as to whether a driveway sloping to the street across a public sidewalk was properly or improperly constructed, where the physical situation was fully explained in the evidence and was viewed by the jury.

TORT.    Writ in the Superior Court dated February 21, 1942.

The case was tried before *Brown*, J.

*J. T. Bartlett*, for the defendant.

*M. A. Moore*, for the plaintiff.

SPALDING, J.    This is an action of tort to recover for personal injuries alleged to have been caused by a defective sidewalk on which ice had accumulated.    The jury returned a verdict for the plaintiff.    To the denial of its motions for a directed verdict and for the entry of a verdict in its favor under leave reserved the defendant excepted.

The relevant evidence may be summarized as follows: In the late evening of March 9, 1940, the plaintiff slipped and fell on the ice while walking on a public sidewalk in the defendant town.    The place where the accident happened was in front of a gasoline filling and service station, the yard of which was somewhat higher than the surface of the travelled part of the street.    The sidewalk in front of the station was made of concrete and was six and one half feet in width.    The means of access to the service station from the street was a driveway forty-two feet in width which crossed the sidewalk and sloped southerly toward the street.

At its east side the driveway was eight and five eighths inches higher than the street surface at its upper end and the slope was one and seven sixteenths inches per foot.  At its west side the corresponding difference in elevation was seven and one eighth inches and the slope was one and three sixteenths inches per foot.  The plaintiff fell on ice which had formed on "the sloping surface of the sidewalk constituting part of the driveway . . . about three or four feet in from the easterly side of the driveway."  At the place where the plaintiff fell there were no holes or irregularities in the sidewalk.

1. The judge erred in denying the defendant's motion for a directed verdict.  The plaintiff could not recover unless, apart from the ice, there was a defect in the sidewalk which was operative in part to cause the accident. G. L. (Ter. Ed.) c. 84, § 17.  *Newton* v. *Worcester*, 174 Mass. 181, 186.  *Sheehan* v. *Lynn*, 269 Mass. 571, 572. The plaintiff argues that the sloping of the sidewalk was such a defect.[1]  We cannot agree.  Driveways affording access to private property from a public way are not unusual; they are incidental to the ordinary and common construction of ways for public travel.  *Heaney* v. *Colonial Filling Stations, Inc.* 262 Mass. 338, 341–342.  Where such driveways have been constructed with certain customary though abrupt differences in grade the ways have been held not to be defective.  *Heaney* v. *Colonial Filling Stations, Inc.* 262 Mass. 338.  *Gustat* v. *Everett*, 278 Mass. 1.  *White* v. *Worcester*, 312 Mass. 279.  To hold the slope here, which did not exceed one and seven sixteenths inches per foot, to be a defect would place a heavy burden on municipalities. We are aware of no case holding that a sidewalk similar in construction to that here was defective.  A city or town performs its duty if it keeps its ways "reasonably" safe and convenient (G. L. [Ter. Ed] c. 84, § 1); perfection is not required.  *Galante* v. *Brockton*, 305 Mass. 480, 481. In view of this conclusion we need not discuss the sufficiency of the notice.

---

[1] The plaintiff concedes that in other respects the sidewalk was not defective.

2. Since the defendant's exceptions are sustained it becomes necessary to consider the plaintiff's exception. One Kendall, a civil engineer called by the plaintiff, who had had considerable experience in constructing driveway entrances over sidewalks and had viewed the scene of the accident, was asked whether he had formed "any opinion as to whether this driveway was properly or improperly constructed." After stating that he had formed an opinion, he was asked what it was, but upon objection by the defendant the question was excluded. To this ruling the plaintiff excepted, after offering to prove that the witness's answer would be that the construction was "unusual and improper." We cannot say that the judge erred in excluding this evidence. The scene of the accident had been fully described to the jury and they also had the benefit of a view. The matter was one that could easily be comprehended by a jury without the aid of expert testimony. We think that the present case is governed by *New England Glass Co.* v. *Lovell*, 7 Cush. 319, *Chick* v. *Gilchrist Co.* 208 Mass. 183, *Lynch* v. *C. J. Larivee Lumber Co.* 223 Mass. 335, 340, and *Lavoie* v. *Brockelman Brothers, Inc.* 315 Mass. 673, 677, rather than by *Harrington* v. *Boston Elevated Railway*, 229 Mass. 421, 428, *Commonwealth* v. *Russ*, 232 Mass. 58, 78, *Commonwealth* v. *Spiropoulos*, 208 Mass. 71, and *O'Driscoll* v. *Faxon*, 156 Mass. 527, relied on by the plaintiff. We might add that even if this evidence ought to have been admitted it would not affect the result. There was no dispute as to the physical condition of the place where the plaintiff fell. "The court is not ignorant of common devices and common dangers, and no admission or expert opinion can establish liability where common knowledge shows that there was no danger so substantial that a reasonable man in the position of the defendant would have anticipated injury and guarded against it." *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194, 196.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions sustained.*
*Judgment for the defendant.*