NELLIE BLACKMER *vs.* JAMES T. TOOHIL.

Worcester. September 26, 1961. — December 5, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & KIRK, JJ.

*Negligence,* Hose, Use of way, Contributory. *Practice, Civil,* Auditor: findings. *Law or Fact.*

In an action heard by a judge without jury solely on the report of an auditor whose findings were not final and whose conclusions were based on his subsidiary findings, an exception to the denial of a motion to strike the auditor's conclusions from his report raised the question whether his conclusions and like conclusions by the judge were warranted by the subsidiary findings of the auditor. [271]

In an action to recover for personal injuries sustained on a partly cloudy morning when the plaintiff fell over a red, two inch oil hose which she did not see stretched across a black public sidewalk from an oil truck of the defendant, conclusions that the defendant was negligent in failing to warn the plaintiff of the presence of the hose by some means and that she was not guilty of contributory negligence were warranted. [271–272]

A statement by an auditor in an action of tort to recover for personal

injuries, that he found "no evidence of" contributory negligence on the part of the plaintiff, a statement referred to by the auditor as a finding, was interpreted by this court as a finding of fact and not as a ruling of law as contended by the defendant.  [272]

Tort.  Writ dated October 4, 1957.

The action was heard by *Meagher, J.*, on the report of an auditor.

*James C. Donnelly, Jr.*, for the defendant.

*John M. Hart*, for the plaintiff.

Williams, J.  This is an action of tort to recover for personal injuries received by the plaintiff on March 25, 1957, when she tripped over a hose lying across the sidewalk of May Street, a public way in Worcester.  James T. Toohil has by amendment been substituted for the original defendant Toohil's Service, Inc.  The case was referred to an auditor whose findings were not final.  He found that the plaintiff, a woman almost ninety years of age, was walking along May Street from her residence at number 35.  It was about 11 A.M. and the weather was partly cloudy. When she was opposite number 23 she fell over a two inch hose, red in color which extended across the black sidewalk from an oil truck of the defendant, parked at the curb, to the basement of an adjacent house.  It had been laid and was being used by the agent of the defendant, who was in the yard, to convey oil from the truck to the said basement. The plaintiff did not see the hose, and fell with sufficient force to fracture her patella.

The auditor found that the defendant's agent was negligent in failing to "place a warning sign or to adopt some other means of warning the plaintiff of the presence of the hose stretched across the sidewalk which she was then traversing, and . . . that this negligence was the direct contributing cause of the injury suffered by Miss Blackmer."

He found "no evidence of any negligence on the part of Miss Blackmer, contributing to the injury which she sustained."  He concluded his report by stating that, as "a result of the findings above," he found for the plaintiff in the sum of $4,000.

A motion of the defendant that the auditor's finding for the plaintiff and his findings as to the negligence of the defendant and the absence of contributory negligence of the plaintiff be struck from the report was denied subject to the defendant's exception. The case was subsequently tried to a judge sitting without jury, the only evidence being the auditor's report. The judge denied a motion of the defendant for entry of judgment in his favor and found for the plaintiff in the amount awarded by the auditor. The defendant excepted to the denial of his motions, and to the finding for the plaintiff.

It appears from the report of the auditor that his ultimate findings of negligence and lack of contributory negligence were based on his findings of the subsidiary facts. *Moore* v. *Worcester Insulation Co. Inc.* 338 Mass. 44, 46–47. The judge could have drawn different inferences from these facts (*Ballou* v. *Fitzpatrick*, 283 Mass. 336, 338; *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 567) but seems not to have done so. As his conclusions are reflected in his finding for the plaintiff, he must have found the defendant's agent to have been negligent and the plaintiff free from contributory negligence. The question for decision is whether the subsidiary findings of the auditor warranted such findings by the judge. The point is raised by the defendant's motion to strike the conclusions of the auditor from his report.

There was no finding that the laying of the oil hose across the sidewalk to permit delivery of oil from a truck to an adjacent house and its maintenance there while the agent adjusted the hose in the yard was an improper or illegal use of the public way. See *O'Linda* v. *Lothrop*, 21 Pick. 292, 297–298; *Judd* v. *Fargo*, 107 Mass. 264; *Morris* v. *Whipple*, 183 Mass. 27, 28; *Smith* v. *Locke Coal Co.* 265 Mass. 524, 525; *Chase* v. *Marchant*, 315 Mass. 684, 685.

The only act of negligence found was the failure to adopt some method of warning travelers of the presence of the hose. An obligation to warn depends on the nature of the danger to be apprehended. If the risk is obvious, resulting

injury will not readily be anticipated. Doubtless it could be found that an obstruction on a public sidewalk is less likely to be expected and observed by travelers than a similar condition in other circumstances. We think the hose across the sidewalk was not so obvious that the defendant's agent could rely upon its being observed and avoided. The auditor could properly find that some means of warning was required.

It cannot be ruled that he erred in finding "no evidence of" contributory negligence on the part of the plaintiff. We do not interpret his finding to amount to a ruling of law, as contended by the defendant, but as a finding of fact. The auditor refers to it as a finding and it concerns an issue which, in view of the defendant's burden of proof, can rarely be held to be other than a question of fact. There was no error in finding that the plaintiff was not guilty of contributory negligence. See *Fuller* v. *Hyde Park*, 162 Mass. 51, 55–56; *Hamlet* v. *Watertown*, 248 Mass. 473, 474; *Smith* v. *Fall River*, 295 Mass. 88; *Reagan* v. *Belmont*, 316 Mass. 467, 469–470; *Esau* v. *Trustees of N. Y., N. H. & H. R.R.* 321 Mass. 330, 333–334. The judge would not have been justified in striking the auditor's findings from the report. They were warranted by the subsidiary findings. Since they must stand, it is plain that they support the finding of the judge for the plaintiff. This is not a case where judgment could be ordered for the defendant.

*Exceptions overruled.*