Benjamin SHULMAN, Plaintiff,
Appellant,

v.

DINTY MOORE'S, INC., Defendant,
Appellee.

Benjamin SHULMAN, Plaintiff,
Appellant,

v.

A. W. PERRY, INC., Defendant,
Appellee.

Nos. 6184, 6229.

United States Court of Appeals
First Circuit.

Jan. 30, 1964.

Albert P. Zabin, Boston, Mass., with whom Schneider & Reilly, Boston, Mass., was on brief, for appellant.

E. R. Langenback, Boston, Mass., for Dinty Moore's Inc., appellee.

Charles F. Choate, Boston, Mass., with whom Choate, Hall & Stewart, Boston, Mass., was on brief, for A. W. Perry, Inc., appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

On these appeals from summary judgments in favor of defendants, counsel have raised a number of interesting questions. We find it unnecessary to reach most of them, however, for even on assumptions favorable to the plaintiff we are of the view that the judgments must be sustained. The fundamental question is whether plaintiff appellant, a pedestrain injured when he tripped over a step protruding into the sidewalk of an alley, is entitled to recover either against defendant appellee abutting landowner, or against the other defendant appellee, a

lessee of part of the building and to whose business premises the plaintiff was returning. It is clear that the tenant controlled neither the alley nor the step, but plaintiff relies on such cases as Carleton v. Franconia Iron & Steel Co., 1868, 99 Mass. 216, and also on Restatement: Torts, § 360, comment (a), to support his contention that on the facts of this case the tenant was under a duty to warn its invitee of dangerous conditions so located in the approach to its premises. Without expressing any opinion we will assume this to be so, and we will assume, also, for present purposes, that because of a percentage clause in the lease, cf. Underhill v. Shactman, 1958, 337 Mass. 730, 151 N.E.2d 287, the plaintiff was a business invitee of the landowner as well. Although the alley was marked "Private Way Dangerous Passing," we will assume that it was a question of fact whether it had become a public way by prescription,[1] cf. Bigelow Carpet Co. v. Wiggin, 1911, 209 Mass. 542, 95 N.E. 938, and that plaintiff is entitled, for present purposes, to have his claims considered on the theories of both public and private way.

■ On the other hand, we could not consider the case on the basis of a municipal ordinance, first cited on appeal, requiring fencing of a "sidewalk elevator landing within the lines of any sidewalk * * *," even if we assume this provision to be properly before us. Cf. Lioni v. Marr, 1946, 320 Mass. 17, 21, 67 N.E.2d 766; Gaunt v. Board of Appeals, 1951, 327 Mass. 380, 99 N.E.2d 60. When plaintiff tripped on the step he fell through a doorway and across a platform inside the building and into an unguarded elevator well. This was not a "sidewalk" elevator merely because the doorway approaching it opened onto a sidewalk. So far as a common law duty

is concerned we are mindful that in many jurisdictions the occupier of land abutting a public way may incur liability on account of an excavation or other artificial condition existing on his property which creates an unreasonable risk to travellers on the public way. See Downes v. Silva, 1937, 57 R.I. 343, 190 A. 42; Restatement: Torts, § 368. However, the law of Massachusetts is otherwise, Lioni v. Marr, supra, 320 Mass. at 19, 67 N.E.2d at 767; Richardson v. Whittier, 1929, 265 Mass. 478, 164 N.E. 384; McIntire v. Roberts, 1889, 149 Mass. 450, 22 N.E. 13, 4 L.R.A. 519; Howland v. Vincent, 1845, 10 Metc. (Mass.) 371, and since it is clear that the plaintiff was not invited onto that portion of the premises containing the elevator well, there can be no liability to this plaintiff for the condition of the elevator shaft independent of some liability for the step.[2]

■ The step on which plaintiff tripped was five to eight inches high and several feet long and extended one third of the way across the narrow sidewalk. The evidence warranted a finding that it was of substantially the same color as the surface of the walk. However, the time was a clear afternoon, the plaintiff's vision was unobstructed, and although he contends that a truck parked against the curb somewhat obscured the step in shadow, he admitted, as he must, that had he been looking he would have seen it. Plaintiff had some familiarity with the alley, but in any event a mere glance down the alley would show, as does a photograph in evidence, that it was conspicuously unlike a regular walk or street; in particular the sidewalk was narrow and interrupted by a number of protrusions, at least some of which any ordinary person would have had to notice. In considering that the plaintiff

1. We have, in any event, considerable doubt whether the jury could be permitted to find that the step became part of a public way created by adverse use, but this, too, we need not decide.

2. We do not decide whether, if the way had become public by prescription, defendants

are correct that plaintiff can proceed only against the city under G.L.(Ter.Ed.) c. 84, § 15. But cf. Whittaker v. Town of Brookline, 1945, 318 Mass. 19, 26–27, 60 N.E.2d 85; McCarthy v. Shaheen, 1928, 264 Mass. 90, 161 N.E. 878.

was under more than the usual duty to observe where he was going the case is not unlike our recent decision of Gadowski v. Union Oil Co., 1 Cir., 1964, 326 F.2d 524. We do not, however, decide that plaintiff was contributorily negligent as matter of law.

We see no ground for liability. The step was neither a defect in the sense of some inappropriate irregularity, cf. Reagan v. Town of Belmont, 1944, 316 Mass. 467, 55 N.E.2d 765; Smith v. City of Fall River, 1936, 295 Mass. 88, 3 N.E.2d 217; Sears v. Town of Greenfield, 1934, 287 Mass. 445, 192 N.E. 1; George v. City of Malden, 1931, 274 Mass. 606, 175 N.E. 53; or of a foreign substance, cf. Blackmer v. Toohil, 1961, 343 Mass. 269, 178 N.E.2d 274; Agnew v. Franks, 1926, 255 Mass. 539, 152 N.E. 346; Morris v. Whipple, 1903, 183 Mass. 27, 66 N.E. 199, on an otherwise uninterruptedly level sidewalk. The Massachusetts rule appears to be that obstructions on a sidewalk are permitted if they are reasonably obvious, normal, and serve some useful purpose. The present case is far more favorable to the defendants than Clohecy v. City of Haverhill, 1938, 299 Mass. 378, 12 N.E.2d 834, where recovery was denied for injuries caused by tripping on a carriage stone or step, which protruded in from the street above and across the surface of the curbing. Despite appellant's argument to the contrary, we think that this case is quite similar, also, to Heaney v. Colonial Filling Stations, Inc., 1928, 262 Mass. 338, 159 N.E. 916, where the plaintiff fell on account of a concrete driveway which dropped five and one-half inches below the level of a sidewalk, constructed of the same material and having no distinguishing coloring or marks of warning. While such driveways may be more common, we think that given the character of the alleyway here, the plaintiff was equally on notice. See also White v. City of Worcester, 1942, 312 Mass. 279, 44 N.E.2d 628; Gustat v. City of Everett, 1931, 278 Mass. 1, 179 N.E. 217; Burke v. City of Haverhill, 1904, 187 Mass. 65, 72 N.E. 256.

The duty owed an invitee who is led to believe that an approach to business premises is safe for his use is not necessarily governed by the standard which measures the statutory duty of municipal corporations to travellers on a public way. However, if we consider the alley a private way, we can see no difference in result. An invitor is charged with the exercise of due care that the land should be reasonably safe for the use to which the invitation extends. Holmes v. Drew, 1890, 151 Mass. 578, 25 N.E. 22; Sears v. Merrick, 1899, 175 Mass. 25, 55 N.E. 476. This required only that the part of the premises to which the plaintiff was invited be kept in a safe condition, or at least that the plaintiff be warned of any dangers "not known to [him] nor obvious to an ordinarily intelligent person * * *." Greenfield v. Freedman, 1952, 328 Mass. 272, 274, 103 N.E.2d 242, 244. We do not think it could be said under the circumstances of this case that the step was not open and obvious.

Judgment will be entered affirming the judgments of the District Court