MARTHA BERRENBERG *vs.* CITY OF BOSTON.

Norfolk. March 6. — May 9, 1884.

In an action against a city for personal injuries occasioned to the plaintiff by a defect in a sidewalk, consisting of ridges of ice caused by water or melted snow freezing after descending upon it from higher adjacent land, the defendant's bill of exceptions stated that the plaintiff was allowed to put in evidence of the appearance, shape, and dimensions of the ice at the same place seventeen days and nineteen days after the accident, although there was evidence of snow, rain-storms, and great changes of temperature between those dates. The bill of exceptions did not give all the evidence in the case ; nor did it state the grounds upon which the evidence was admitted, nor the instructions given to the jury. *Held*, that the defendant did not show any ground of exception. *Held, also*, that, in the discretion of the presiding judge, evidence was admissible of meas-urements of the height, slope, and surface of the adjacent ground twenty-five feet distant from the sidewalk, nineteen days after the accident, there being no evidence of any intervening change.

TORT for personal injuries occasioned to the plaintiff by a defect in Perkins Street in the defendant city. Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows :

There was evidence on the part of the plaintiff that the injury was caused by ridges of ice, five or six inches high, on the inner side of a sidewalk, substantially level on either side of said ridges, over which she was walking with due care on February 11, 1883 ; that said ridges were caused by water or melted snow, frozen on the sidewalk, as it flowed thereupon from higher adjacent land (a pasture) from which there was an open cart-path to the sidewalk, at the point where the ridges were.

The plaintiff contended that the situation of the sidewalk, at the place of her injury, was such, with reference to the adjacent higher land and cart-path, that ice in ridges, from frozen wate'

and melted snow, descending by the cart-path, were habitually on the sidewalk.

The plaintiff was allowed, against the objection of the defendant, to put in the testimony of two witnesses as to the thickness, and other dimensions and appearance, of the surface of ice at the place, on February 28, 1883, seventeen days after the accident; and of another witness as to the appearance, shape, and thickness of ice, on March 2, 1883, nineteen days after the accident, although there was evidence of snow and rain storms and of great changes of temperature between said dates. The last-named witness was also allowed, against the defendant's objection, to testify as to measurements made by him on March 2, 1883, of the height, slope, and surface of the ground, in a field adjacent to the highway, at a point more than twenty-five feet distant from the line of the highway; no evidence being offered as to whether or not there had been any change made by nature or the landowner in the surface between the time of the measurement and the time of the accident. The case was submitted to the jury under instructions which were not excepted to.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the admission of the above evidence.

*T. M. Babson*, for the defendant.

*F. D. Ely*, for the plaintiff.

C. ALLEN, J. The bill of exceptions does not undertake to give all the evidence in the case, nor to state the grounds upon which the evidence now in question was admitted, nor to show with what instructions it was submitted to the jury; and we have only to consider whether it was competent in any aspect. For the purpose of corroborating direct evidence that large ridges of ice were found upon the sidewalk at a particular place and upon a particular day, if that fact was in controversy, other evidence would be admissible to show that the situation of the sidewalk with reference to the adjacent land was such that ice in ridges, from frozen water and melted snow descending upon it, was habitually upon the sidewalk at that place; and other days might be mentioned, before or after the day in question, when such ice had been there. *Stone* v. *Hubbardston*, 100 Mass. 49, 57. *Fitzgerald* v. *Woburn*, 109 Mass. 204. A usual and

habitual state of things, dependent upon natural causes, and constantly producing the same results, has a legitimate tendency to show that the result was in existence at a particular time. Such evidence, however, would not be competent for the direct purpose of showing the shape or dimensions of the ridges of ice on the day when the accident occurred, unless it was so near in point of time, or accompanied with such other evidence of temperature and climate in the mean time, as to furnish a presumption that its condition remained unchanged; and there is no reason to suppose that the evidence in this case was submitted to the jury for that purpose.

The measurement of the elevation and slope of the adjacent ground was so near in point of time, that it was within the discretion of the court to admit it, there being no evidence of any intervening change.

In the opinion of a majority of the court, the entry must be

*Exceptions overruled.*