## HARRIET DELORY *vs.* PATRICK CANNY.

Suffolk.    March 9. — May 9, 1887.    FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

In an action for personal injuries sustained by the plaintiff by falling into a coal-
hole owned by the defendant, who was the owner of the building, on the issue
whether the plaintiff's evidence showed that the cover of the coal-hole was
insufficiently guarded, a witness for the plaintiff testified that he saw the cover
immediately after the accident and there was no weight attached to the under
side of it; and that, on the night before the accident. he stepped on the cover,
and it came off. On cross-examination, he testified that, a month before, he
saw, while at a certain place in the cellar, a weight attached to the cover.
There was other evidence for the plaintiff that the cover could not be seen from
this place in the cellar. *Held,* that the issue should have been submitted to
the jury.

TORT for personal injuries sustained by the plaintiff by falling
into a coal-hole in the sidewalk in front of the door of a building
on Hanover Street, in Boston.

Trial in the Superior Court, before *Knowlton,* J., who allowed
a bill of exceptions, in substance as follows:

It was admitted that the defendant was, at the time of the
plaintiff's injury, the owner of the house into which said door
on Hanover Street opened. There was evidence that said house
was a tenement house, containing fifteen or sixteen tenements
of two rooms each, let by the week, the rent of which was paid
to the defendant; that there was no entrance to said house other
than said door; that between the threshold of said door and the
sidewalk there was one stone step; that in the sidewalk, and
within the line of the public highway, and directly in front of
said door, and about a step from the centre of the stone step,
was the coal-hole in question; that the coal-hole opened into
an excavation leading into the cellar under, and belonging to,
said house; that the cellar contained a water-closet, for the
common use of the occupants of said tenements; that there was
a wood-shed in said cellar; that the defendant, within a year
preceding, caused repairs to be made in one of said tenements;
that a servant of the defendant was seen cleaning the water-
closet, yard, stairs, and cellar of said house within a year pre-
ceding the accident; and that a servant of the defendant at one
time made repairs about said house.

The plaintiff testified, upon her direct examination, that at the time of said fall she and her husband had been occupying one of said tenements about two weeks, which tenement was hired of the defendant, and the rent of which was paid to him by them; that she never made any use of the cellar; that she was never told by the defendant that she might do so; that she used the water-closet which was in the cellar under the house, but did not know if it was in the same apartment with the coal-hole or not; that in the month of March, 1884, she was coming out of the house between eight and nine o'clock in the morning, and stepped upon the cover of the coal-hole; that the cover gave way, and she fell into the hole; that she observed nothing particular about the cover, only that it gave way by turning over when she stepped upon it; that a boy named Lawrence Perrow came out of the house and saw her getting out of the hole; that she had no knowledge whatever that it was unsafe to step upon the cover before she did so; that she had no reason to believe that it was unsafe; that it was usual to step upon it in going out and coming in the door; that one would have to exercise care and thought to avoid walking upon it; and that she was not guilty of any negligence in the manner in which she stepped out of the door on the cover.

Upon cross-examination, she testified that she probably saw the cover the day before she fell in the hole, and probably saw it every day that she lived in the house; that she did not particularly observe the cover before she stepped upon it, on the occasion in question; that, when she stepped upon it, she did not see it, and could not say what position it was in; that she did not see it, to observe it, on the day of the accident previously to the occurrence; that she had never seen the cover out of its position; that she knew of no person who saw her fall in the coal-hole but Perrow, who occupied rooms in the building at the time; and that, about one month after the accident, the defendant ordered her out of the house, and she then left it.

The plaintiff called as a witness Lawrence Perrow, who testified, upon direct examination, that he was living in said house at the time of the plaintiff's fall; that he came out of the door on the morning in question, and saw the plaintiff lying upon the sidewalk with one foot in the coal-hole; that the cover was

partly off and partly on the hole, and wrong side up; that there was attached to the cover a piece of wire about five or six inches long, the size of a telegraph wire; that there was no weight or anything attached to the other end of the wire; that he came out of the door the evening before this occurrence; and that he then stepped upon the cover, which cover slipped off the hole, and his foot went into the hole. Upon cross-examination, Per-row testified that, a month before the plaintiff's fall, he saw a stone weight attached to said cover; that he saw the same from the water-closet in the cellar; and that the cellar was light enough by day to see it.

There was evidence that one tenant was seen at one time taking coal in at the coal-hole; and there was no other evidence regarding the use of it by anybody.

There was evidence from two other witnesses for the plaintiff, that the cellar was too dark by day to distinguish objects, except that, from the foot of the cellar stairs, one could see the water-closet and wood-shed; and one witness for the plaintiff testified that the coal-hole and cover could not be seen from the water-closet.

One Carver testified, in behalf of the plaintiff, that she lived in said house at the time of the plaintiff's fall, and had lived there about nine or ten months; that she occupied a tenement of two rooms up one flight, and directly over said door; and that, in the month of November, 1883, she stepped on said cover and fell into the hole.

The plaintiff offered to show by this witness that the witness had, during said period of nine or ten months' occupancy, seen the cover lifted from its position five or six times, and laid over upon the sidewalk (the manner in which it was lifted); and that at such times there was no fastening or weight attached to the cover. But the judge ruled that the evidence offered was inadmissible.

Upon this evidence the plaintiff rested; and, the defendant requesting that the case be taken from the jury, the judge ruled that the plaintiff could not maintain her action upon the evidence. The plaintiff alleged exceptions.

*F. Paul*, for the plaintiff.

*W. Gaston*, (*C. F. Donnelly* with him,) for the defendant.

HOLMES, J.   The ground on which the defendant seeks to sustain the ruling that the plaintiff could not maintain her action is, that the plaintiff offered no evidence that the cover to the coal-hole into which she fell was insufficiently guarded; and that one of the plaintiff's witnesses, Perrow, testified that, a month before the accident, he saw a stone weight attached to the cover, which, it is suggested, may have been removed just before the accident by a stranger to the defendant.   But this testimony of Perrow was on cross-examination, and was met by other testimony that the cover could not be seen from the place from which Perrow said he saw it.   The jury might have disbelieved Perrow on this point, and might have believed his direct testimony, that at the time of the accident the cover had no weight upon it, and that, on the evening before, it slipped off the hole when he stepped upon it.   They might have inferred from these facts, connecting the earlier condition of the hole with them if necessary, *Berrenberg* v. *Boston*, 137 Mass. 231, that the cover was not provided with any weight or suitable appliance to prevent its being displaced.   It is not argued that the defendant, who was the owner of the house, and, so far as appears, the actual occupant of the cellar, was not responsible for the permanent condition of the cover to the hole, or that the plaintiff could not have been found to have exercised due care.

*Exceptions sustained.*