BENJAMIN UPHAM *vs.* CITY OF SALEM.

Essex.    November 7, 1894. — January 1, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Defective Highway — Evidence.*

In an action against a city for personal injuries occasioned by falling upon the sidewalk of a street, if the plaintiff contends, and the defendant denies, that at the time of the accident there were ridges of ice upon the walk and depressions in the walk of such a nature as to cause water flowing thereon from the adjoining land to accumulate in such depressions and freeze, evidence that at various times during the same season and before the accident water had been seen coming from the adjoining land, and ridges of ice had been formed upon the walk, and that upon many occasions during the three months before the accident, when the sun shone or it was thawing weather, water ran from the adjoining land upon the walk and froze there, is competent to show that there was such a condition of things that ice was liable to form on the sidewalk.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in a highway in the defendant city.   At the trial in the Superior Court, before *Hammond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the admission of certain evidence, the nature of which appears in the opinion.

*F. L. Evans*, for the defendant.

*J. W. Porter & H. P. Moulton*, for the plaintiff.

BARKER, J.   The only questions argued by the defendant relate to the admission of evidence offered by the plaintiff and

---

admitted under the defendant's exception. The plaintiff was injured by falling upon a sidewalk, and he contended that at the time of the accident there were ridges of ice upon the walk, and that, while the walk was of no unusual slope, the situation and slope of the land adjoining the street were such as to cause water to flow upon the walk from the adjoining land, and that there were depressions in the walk of such a nature as to cause the water to accumulate there instead of running off. The defendant contended that there were no such depressions, and that at the time of the accident the walk·was substantially free from snow and ice, and was reasonably safe and convenient for travel.

It was ruled at the trial, that ice formed by water thus coming upon the sidewalk would not of itself constitute a defect; but that in addition it would be necessary, either that the ice should be rough, or that there should be a depression or depressions in the walk in which the water had collected and frozen, in order to make the ice a defect. The defendant does not complain of these rulings; and it is plain that the question of fact to which the evidence excepted to was addressed was whether there was upon the walk at the time of the accident ice in ridges, or smooth ice due to the presence in the walk of depressions which had caused water to accumulate there and become ice instead of running off.

The presence of ridges of ice or of smooth ice thus formed was asserted by the plaintiff, and denied by the defendant. The evidence excepted to was, in substance, the testimony of several witnesses, who testified that at various times during the same season, and before the accident, they had seen water coming from the adjoining land upon the walk, and had found ridges and masses of ice upon the walk; and that when the sun shone, or it was thawing weather, water from the adjoining land froze into ice upon the walk many times during the three months before the accident. This testimony was admitted by the presiding justice for the purpose of showing that there was such a condition of things that ice was liable to form on the sidewalk.

The defendant contends that such evidence was competent for no other purpose than to show that the city might have had notice, or might have remedied the defect, by reasonable care

and diligence, but that it was not competent to prove the existence of a defect at the time of the accident.

While it would not be competent to show previous similar defects, either for the purpose of showing the shape or dimensions of the ice at the time of the accident, or for the purpose of founding an argument that the walk was defective at that time because the defendant had suffered it to be out of proper repair on other occasions, yet as the fact whether there were deposits of ice of a particular character upon the walk when the plaintiff fell was in controversy, and there was direct evidence that such deposits were then there, the evidence excepted to was admissible for the purpose of corroborating such direct evidence as tending to show that the conformation of the walk and its situation with reference to adjacent land were such as habitually to induce the formation of such deposits of ice upon the walk. See *Stone* v. *Hubbardston*, 100 Mass. 49, 57; *Berrenberg* v. *Boston*, 137 Mass. 231. In the case last cited, the reason why in such circumstances such evidence is admissible is said to be that "a usual and habitual state of things, dependent upon natural causes, and constantly producing the same results, has a legitimate tendency to show that the result was in existence at a particular time."

We find no indication in the bill of exceptions that the jury were allowed to make any improper use of the evidence thus admitted, and no error in this respect is to be inferred.

*Exceptions overruled.*