ADELINE B. KELLY *vs.* CITY OF SPRINGFIELD.

Hampden.   September 20, 1951. — November 1, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Way*, Public: defect.

Evidence, that in a residential neighborhood of a city where travel was light a pedestrian walking on a sidewalk made of large cement sections tripped and fell over a section raised above the adjoining section in late September when there would be little or no frost likely to cause a sudden lifting or subsidence of the sections, warranted an inference that the upraised condition had been in existence so long that the city should have known of it in time to remedy it prior to the accident.

TORT.   Writ in the Superior Court dated November 13, 1947.

The case was tried before *Broadhurst*, J.

In this court the case was submitted on briefs.

*C. D. Sloan*, City Solicitor, for the defendant.

*J. E. Kerigan*, for the plaintiff.

SPALDING, J.   In this action of tort to recover for injuries sustained when she fell on a public sidewalk, the plaintiff had a verdict.   The case comes here on the defendant's exception to the denial of its motion for a directed verdict.

The sole ground urged by the defendant in support of its exception is that the evidence would not warrant a finding that it knew or in the exercise of proper care and diligence ought to have known of the defect in time to have remedied it.   We shall confine our decision to this question.   A summary of the evidence bearing on this point is as follows: The accident happened on the afternoon of September 27, 1947, while the plaintiff was walking on a sidewalk on Maple Street, Springfield.   The sidewalk is made of cement slabs about six feet square.   Maple Street is in a "strictly residential neighborhood."   The plaintiff's injuries resulted from a fall caused by her tripping on a slab which was upraised

one and three quarter inches on the east side of the walk and three quarters of an inch on the west side. A witness called by the plaintiff testified that "she noticed the raise in the sidewalk a couple of days before the accident."

An essential element of the plaintiff's case was to prove that the defendant had "or, by the exercise of proper care and diligence, might have had reasonable notice of the defect." G. L. (Ter. Ed.) c. 84, § 15. *Stone* v. *Boston*, 280 Mass. 31, 33–34. *Adams* v. *Bolton*, 297 Mass. 459, 465. *Bagdikian* v. *Worcester*, 318 Mass. 707, 708. The purpose of this provision is to afford a reasonable opportunity to remedy the defect. Since there was no evidence that the defendant had actual notice of the defect, the question narrows down to whether the evidence would support a finding that by the exercise of proper care and diligence it ought to have known of it.

The defendant argues that the proof here shows only that the defect had existed for "a couple of days" prior to the accident and that, in view of the fact that the sidewalk was located in a section of the city where the travel was light, this period was as matter of law not long enough. In view of the location of the defect we should hesitate to say that proof, without more, that it had existed for such a short period would support a finding that the defendant ought to have known of it. But more than that, we think, appears in this record. Photographs of the locus of the accident, some of which were taken shortly afterwards, were introduced in evidence and are before us. These show that the walk was made of large cement slabs or sections. The defect occurred at the junction of two sections and was undoubtedly caused by the raising of one or the sinking of the other. It is possible that this was something that occurred quite suddenly, but that is hardly probable. In view of the size of the sections and the fact that the accident happened in the latter part of September when there would be little or no frost in the ground, the likelihood that the condition revealed in the photographs was due to a sudden lifting or

subsidence of one of these sections is remote. We think that the evidence was sufficient to warrant a rational inference that the defect had been in existence long enough to enable the defendant in the exercise of reasonable care and diligence to discover and remedy it. The issue was one of fact for the jury. *Saunders* v. *Medford*, 304 Mass. 464. *Bagdikian* v. *Worcester*, 318 Mass. 707.

*Exceptions overruled.*