*Northern District*
No. 4646
**FRANK A. BRACKEN**
v.
**CITY OF NEWTON**
(April 23, 1953)

*Brooks, J.* This is an action of tort for damages resulting from a fall claimed to have been caused in the *sidewalk* on Washington Street, Newton. The answer is general denial and a plea of contributory negligence.

Plaintiff was returning to his home around midnight with a friend; he had had three drinks of

whiskey; he stumbled once before reaching the scene of the accident; he did not stagger at any time. He was "happy and gay" even after he fell into the alleged defect and acquired a cut on his scalp requiring seven stitches at the Wellesley Newton Hospital.

The area of the depression was described to be three to four feet across. There were various estimates of its depth, from $\frac{1}{4}$ inch to three inches. The judge made the following finding:

"On March 16, 1952 just after midnight, the plaintiff while walking on Washington street, Newton, struck his toe in the sidewalk, causing him to fall to the ground and he received personal injuries. At the place where he fell, there was a break in the center of the sidewalk approximately $3\frac{1}{2}$ by 4 feet in size and about $1\frac{1}{2}$ inches to 3 inches in depth at its deepest place. The place was a much travelled city street, and the break in the sidewalk was caused by a snowplow operated the previous winter and had existed at least a month before March 16, 1952. I find the plaintiff was in the exercise of due care and that the defect in the sidewalk which caused the plaintiff to fall existed as a result of the negligence of the defendant, its agents or servants of which it had or should have had sufficient notice. I find for the plaintiff and assess damage in the sum of $650.00."

The case is here solely on the trial court's denial of the motion for a new trial, which was made on the following grounds:

"1. That the finding for the plaintiff is against the evidence.

2. That the findings for the plaintiff is against the weight of the evidence.

3. That the finding for the plaintiff is against the law.

4. Damages awarded are excessive".

It is the defendant's contention that the judge's failure to grant the motion for a new trial was an *abuse of discretion*. He also contends that the court erred in not finding plaintiff contributorily negligent on the ingenious theory that his consumption of three whiskies was evidence of negligence which it was the plaintiff's burden to rebutt and which he had not rebutted. G. L., c. 84, §16.

Defendant's contention is in effect that one who drinks alcoholic liquor is *prima facie* negligent. He cites no authority for this proposition. The court is aware of none. In fact, Bertera v. Cuneo, 273 Mass. 181, 183 looks in the other direction. The court said "but however unsafe it may be for a drunken person to operate an automobile, especially upon a public highway, some act of negligence must be shown in addition to drunkenness to make out a case of gross negligence. From all that appears on this record, there was nothing to indicate that the defendant was careless. . .The possibility of danger is always present when a drunken person attempts to operate a motor vehicle but if he acts as carefully as a sober man of ordinary prudence under the existing circumstances, he is not negligent."

Defendant has tried through a motion for a new trial to raise questions of law which he might have raised by requests for rulings. This he is not entitled to do as a matter of right and therefore cannot except to the denial of his motion. *Holdsworth v. Tucker* 147 Mass. 572; *Kennedy v. Currier* 293 Mass. 435, 439, 440; *Bankoff v. Coleman Bros.* 302 Mass. 122; *Hathaway v. Checker Taxi Co.,* 321 Mass. 406, 412.

Defendant's real difficulty is his complete disagreement with the judge's finding that plaintiff's condition did not contribute to the accident. There is evidence upon which the court could have found that the three whiskies played a part in plaintiff's downfall. Obviously, the court found that plaintiff's drinking did not contribute to the accident and it found on the facts presented, and there was evidence to support his finding, that the hole in which plaintiff fell was three inches deep. Shallower holes than this have been found to be highway defects and the Supreme Judicial Court has not disturbed the finding. *Ghenn v. Provincetown* 105 Mass. 313: *Marvin v. New Bedford* 158 Mass. 464; *Campbell v. Boston* 189 Mass. 7; *Page v. Weymouth* 207 Mass. 325; *Sears v. Greenfield* 287 Mass. 445; *Smith v. Fall River* 295

Mass. 88, 90; *Reagan v. Belmont* 316 Mass. 467, 469; *Trites v. Melrose* 318 Mass. 378, 379; *Esau v. Trustees N.Y., N.H. & H. R.R.* 321 Mass. 330. 332, 333.

Defendant could only prevail after a denial of its motion for a new trial by proving abuse of discretion on the part of the trial judge. While the courts recognize a difference between the type of hole involved here and the more common variety of depression where sharp corners are involved, we are not prepared to say that to find this particular depression a defect in the highway was obviously wrong. In other words, from no angle presented to us by defendant is there adequate ground for reversing the trial judge or ordering a new trial. Report dismissed.

Attorney for Plaintiff: John J. Monagle
Attorney for Defendant: F. C. Newton.