MARGARET U. HORNE *vs.* BOSTON CONSOLIDATED GAS
COMPANY.

Suffolk.    October 8, 1954. — March 2, 1955.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, SPALDING, WILLIAMS,
& COUNIHAN, JJ.

*Negligence*, Gate box, Gas company. *Way*, Public: gate box.

A finding of negligence on the part of a gas company toward a pedestrian who fell on a public sidewalk by reason of a defective condition of the cover of a gate box of the company set in the sidewalk was not warranted on evidence not showing that there was any inherent defect

or that the company had had actual notice of the defective condition before the accident or that the appearance of the cover had been such that the company in the exercise of proper care ought to have discovered and remedied the defective condition before the accident.

TORT. Writ in the Superior Court dated April 14, 1949. The action was tried before *Dowd*, J.

In this court the case was argued before *Qua*, C.J., *Lummus, Wilkins, Williams, & Counihan*, JJ., and afterwards was submitted on briefs to all the Justices.

*Philip L. Berkeley*, for the defendant.

*John C. Johnston & Harry J. Finkelstein*, for the plaintiff, submitted a brief.

COUNIHAN, J. This is an action of tort for injuries sustained by the plaintiff when she tripped and fell by reason of the alleged defective condition of the cover of a gate box owned and maintained by the defendant on the sidewalk of East Newton Street, Boston. There was a verdict for the plaintiff, and the action comes here upon the exceptions of the defendant to the failure of the judge to direct a verdict for the defendant and to the failure of the judge to enter a verdict for the defendant under leave reserved. We are of opinion that the judge erred in failing to direct a verdict for the defendant.

We summarize the evidence in its aspects most favorable to the plaintiff. The gate box in question is constructed of heavy cast iron and weighs 30 pounds. It is 9 inches high and hollow. For a depth of $1\frac{3}{4}$ inches from the top the gate box is square. The remaining portion, $7\frac{1}{4}$ inches, to the base is circular and is $7\frac{1}{2}$ inches in diameter. The top of the box is 8 by 8 inches. The gate box when installed rested upon a gas pipe in the ground in which there is a valve to turn off the gas. There is an opening in the top $6\frac{1}{2}$ inches square, into which is fitted a cover designed to rest on flanges set in the inside of the box at each corner, $1\frac{3}{4}$ inches from the top. The sides of the cover are $1\frac{3}{4}$ inches in depth and designed to rest upon these flanges. The border of the box from the outside edge of it to the opening into which the cover is set is $^{10}/_{16}$ of an inch. The

top of the box and the cover when properly installed are flush with the surface of the sidewalk. On two sides of the cover, at right angles to each other, are semicircular openings to enable a tool to be inserted to lift the cover. As the plaintiff walked along the sidewalk she stepped on this box and cover. The cover tipped or tilted causing her to fall. The plaintiff's son, who happened to be in the vicinity, saw his mother fall and went to her assistance. He noticed that the cover was 2 or 3 inches off the top of the box at its easterly side leaving an opening 2 or 3 inches on its westerly side. He put the cover back into place and noticed that it was $\frac{1}{2}$ of an inch short of meeting the top of the box at its easterly side. The cover moved when he stepped on it. In response to his telephone call employees of the defendant came to the scene. One of them stepped on the cover and it moved. One of them then wedged a piece of wood with a mallet into the opening at the easterly side of the cover to hold it in place. Another of these employees testified that "if the box were in good condition it would not tip when you stepped on the cover; that if it does tip, it would indicate that it was not in good condition."

This last evidence together with evidence of the necessity of wedging in a piece of wood to hold the cover in place appears to us to establish that the gate box and the cover were in a defective condition. There was no evidence of any direct negligence on the part of the defendant in that there was an inherent defect in the gate box or cover or for any other reason, or that it had actual knowledge prior to the accident of this defective condition.

In order to establish liability of the defendant therefore the plaintiff must prove that in the exercise of reasonable care and diligence the defendant should have discovered this defect and remedied it. The only evidence on this aspect of the case is meager and to say the least meaningless. It came from the son of the plaintiff who testified that he had lived in that neighborhood for 10 years before the day of the accident and that he frequently had observed this cover. On each occasion he said "it had the appearance

as shown in a photograph, exhibit 2. '' We have this photograph before us. The difficulty with this testimony, however, is that even with the aid of a magnifying glass we are unable to discern any defect in the cover. We are of opinion that this evidence would not warrant a finding that the defendant by the exercise of care and diligence could have discovered the defect and remedied it.

We think that this case falls within the principle set forth in *Campbell* v. *Boston,* 189 Mass. 7, at page 10, where this court said, ''Ordinarily what constitutes reasonable diligence in the performance of the duty imposed upon the defendant is a question of fact to be determined from all the circumstances. . . . But there are cases where this may be a question of law. Thus it has been decided that in the absence of proof of actual notice, or of faulty construction, or repairs, and where no surface indications existed showing a want of repair or unfitness of a public way, or if present, they had existed for so short a time as not to furnish any ground for holding that the city or town should be held to have impliedly known of the defect, no liability attaches.''

We believe that this action falls within the class of cases represented by *Gunning* v. *King,* 229 Mass. 177, 178, *McCabe* v. *Boston Consolidated Gas Co.* 314 Mass. 493, 496, and *Wagman* v. *Morse,* 320 Mass. 462, 464, rather than *Harrigan* v. *Worcester,* 198 Mass. 354, 355, and *Kelly* v. *Springfield,* 328 Mass. 16, 18, relied upon by the plaintiff. In these last two cases there was evidence that the existence of the defect could have been discovered in time to remedy it. Here no such evidence appears.

> *Exceptions sustained.*
> *Judgment for the defendant.*