JOSEPHINE GIUNTA *vs.* CITY OF WALTHAM.

Middlesex.   October 6, 1954. — April 4, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Way*, Public: defect. *Practice, Civil*, Requests, rulings and instructions.

A party to an action was not entitled to a requested instruction to the
jury stating or analyzing a certain decision of this court.

In an action against a city for personal injuries sustained on a public
way when the plaintiff was thrown off a bicycle because of an alleged
defect consisting of a "mound" of gravel, six inches deep and three
feet wide, accumulated where loose gravel spread upon the way by
the city some days previously had been "sloughed off" to the side of
the way by traffic, it was proper to instruct the jury that the plain-
tiff must prove that the alleged defect had existed in "substantially
the size, shape and location" which the plaintiff claimed it was in at
the time of the accident for so long previous thereto as to warrant the
inference that the city knew or in the exercise of reasonable diligence
should have known of it.

TORT.   Writ in the Superior Court dated November 3,
1949.

The action was tried before *Kirk*, J.   There was a verdict
for the defendant, and the plaintiff alleged exceptions.

The following appeared in the bill of exceptions: "This
is an action of tort to recover for personal injuries suffered
by the plaintiff as the result of her having been thrown from
a bicycle which she was riding on account of an alleged de-
fect in a public way, which alleged defect is claimed to have
existed on account of an accumulation over a period of eight
days of loose gravel spread upon the way by the defendant
and later sloughed off to the sides of the way by automobile
and other traffic traveling thereon, the result being that such
material was piled in a mound described by the plaintiff as
being about six inches deep, about three feet wide and ex-
tending a distance of about fifteen feet . . . and described
by the defendant as being about an inch to an inch and a

half deep, some three feet wide and [extending] fifteen to twenty feet."

*J. Chester Webb,* for the plaintiff.

No argument nor brief for the defendant.

LUMMUS, J. This is an action of tort under G. L. (Ter. Ed.) c. 84, § 15, begun on November 3, 1949, for injuries received when the plaintiff was thrown off her bicycle by reason of an accumulation of loose gravel six inches deep on a public way.

The plaintiff requested the following instruction to the jury. "Where an accumulation of loam, gravel and cinders which extended out from an 'abutment to the sidewalk under (a) railroad bridge about eighteen inches and projected about six inches in height' existed and other evidence offered by the plaintiff justified an inference that the accumulated material might have fallen or washed down over a period of time and gradually, it was held that the testimony would support an inference that the condition had existed for a sufficient length of time to justify a finding that the defendant might by the exercise of proper care and diligence have had reasonable notice of the defect should be set aside and a verdict for the plaintiff entered. *Mahoney v. Worcester,* 265 Mass. 94."

The plaintiff excepted to the refusal to give that requested instruction, and also to that part of the charge in which the judge said that to recover the plaintiff must prove that the alleged defect had existed in "substantially the size, shape and location that she claimed it was at the time of the accident for such a period of time prior to that as to warrant the jury's finding that the defendant knew, or should in the exercise of reasonable diligence have known, of the existence of such condition." The verdict was for the defendant.

It is to be noticed that the requested "ruling" was not a statement of the law applicable to the case, but was a purported statement of the case of *Mahoney v. Worcester,* 265 Mass. 94. The plaintiff was not entitled to have that case stated or analyzed. The judge could be required only to state the law governing the case at bar. Further, the re-

quested instruction is hardly intelligible in the form quoted from the record.

We see no error in the instruction actually given, that to recover the plaintiff must prove that the defect complained of had existed so long as to warrant an inference that the defendant knew or should have known of it. See *Kelly* v. *Springfield,* 328 Mass. 16.

*Exceptions overruled.*