MARY HANSON *vs.* CITY OF WORCESTER.

Worcester.    April 2, 1963. — May 6, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Way,* Public: defect.

Evidence that within the boundaries of a cross walk of a city street at its intersection with another street under construction there was a hole "fifteen inches by fifteen inches and about six inches deep" with one edge "rounded off" and "in the bottom" a circular metal cap bearing raised letters and a date, and that the street in which the hole existed had been resurfaced with a new grade some years before a pedestrian's foot caught in the hole and she fell and was injured warranted an inference that the hole had existed so long that the city should have known of it and remedied it prior to the accident.

TORT for personal injuries sustained on October 14, 1959. Writ in the Superior Court dated June 28, 1960.

The action was tried before *Good, J.*

*John J. O'Connell* for the plaintiff.

*Andrew F. McCarthy,* Assistant City Solicitor, for the defendant.

CUTTER, J. The plaintiff saved an exception when a verdict was directed for the city in this action of tort. She seeks to recover for injuries incurred when her foot became caught in a hole in the street. Because of its size, shape, depth, and location, the hole could reasonably have been found to have been a defect in a public highway. See

*Becker* v. *Boston,* 321 Mass. 230, 231–232, 235–236. Cf. *Green* v. *Wilmington,* 339 Mass. 142, 144–145.

This hole, "fifteen inches by fifteen inches and about six inches deep," was "within the boundaries of the cross walk" at the intersection of Waverly Street and Providence Street in Worcester. "[O]ne edge [of the hole] was rounded off — and the [three] pictures [introduced in evidence] correctly show the hole." "[I]t looked . . . [as if] there was a steel plate in the bottom of the hole." The steel plate, in one photograph taken on the day of the accident, is shown to have been a circular metal cap, apparently to a pipe. It bears, among other marks, the raised metal inscription "W. W. W." and a date.

At the time of the accident "Providence Street was under construction." The "entire length of Waverly Street . . . was resurfaced by the city in 1952. The [city] water department . . . when the road was resurfaced, had a man on the job. . . . A new grade for the street was [then] established."

The city concedes that the "only issue presented . . . is whether there was evidence that a defect existed long enough for the . . . [city] in the exercise of reasonable care and diligence to know of the defect." See G. L. (Ter. Ed.) c. 84, § 15; *MacDonald* v. *Boston,* 318 Mass. 618, 619. The burden of proof on this issue rests on the plaintiff.

It is possible, of course, that the hole in the street surface was of very recent origin and in some way connected with the then current construction on Providence Street. This, however, is not a case where the matter is left to "pure conjecture." Cf. *Brummett* v. *Boston,* 179 Mass. 26, 29–30. The smooth, rounded edge of the hole and its general appearance, as shown in the excellent photographs, suggest strongly that it had existed for a considerable period. We think that the jury could reasonably have inferred that the metal cap had been buried under black top when Waverly Street was reconstructed in 1952 (rather than being raised, cf. *Scholl* v. *New England Power Serv. Co.* 340 Mass. 267, 269, 271, to the new level of the street as

346 Mass. 53                                         53

was at least one other larger but somewhat similar cover, shown in the photographs); that the city water department or some company at some time had sought access to the pipe covered by the metal cap; that a hole had been cut in the pavement for this purpose; and that the hole had not been refilled for a period long enough to have put the city on notice of its existence, even if, indeed, a city official had not authorized the digging of the hole in the first place. See *Bagdikian* v. *Worcester,* 318 Mass. 707, 708–709; *Kelly* v. *Springfield,* 328 Mass. 16, 17–18. In the opinion of a majority of the court the issue as to the duration of the defect was one of fact for the jury.

<div align="right">

*Exceptions sustained.*