*Southern District*

**GEORGE W. MAHONEY**

v.

**CITY OF QUINCY**

*Present*: Nash, P. J., Leo & Owen, JJ.

Case tried to *Robinson, J.* in the District Court of East Norfolk. No. 20422.

*Nash, P. J.* In this action of tort the plaintiff seeks to recover damages for injuries which he sustained as a result of a fall alleged to have been caused by a defect in the sidewalk in front of the Shop & Save Supermarket on Independence Avenue, a public way in the City of Quincy.

It is agreed that due and proper notice was given to the City of Quincy in accordance with G. L. c. 84, §18.

There was a finding for the plaintiff in the sum of $2500.

The defendant claims to be aggrieved by the exclusion of evidence relating to the description of the alleged defect in the sidewalk; by the finding that the City should have known of the defect; by the finding that the plaintiff was not guilty of contributory negligence; and by the finding that a declivity in the sidewalk 8″ X 9″ X 2-½″ deep in an otherwise smooth sidewalk 10 feet wide is an actionable defect.

*First,* the excluded evidence. An assistant in the engineering department of the City testified that on July 14, 1961, six days after the accident which occurred on July 8, 1961, he went to the location for the purpose of making a survey of the sidewalk. He found that the hole had been filled with a patch of black-top. He had the black-top removed. He was then asked what the measurements of the alleged defect were. The court sustained the plaintiff's objection to the question. The defendant requested a report. The defendant then made an offer of proof that if the witness were allowed to answer he would testify that the hole measured 8/10ths of one foot long by about 6/10ths of one foot wide gradually lowering from the edges to 7/8ths of an inch to its deepest point.

The judge found, as was testified to, in the plaintiff's behalf, that the hole was 8″ X 9″ in diameter and 2-½″ deep. He held that "Inasmuch as I felt that some change in the hole may have resulted from the application of the hot-top patch and its removal I ruled

on objection by counsel for plaintiff that this witness could not describe the hole as of July 14 . . . " The judge concluded that "Upon consideration of all of the evidence, even including the evidence presented in the offer of proof by the defendant, I find for the plaintiff."

In our opinion it was prejudicial error to have excluded the evidence. There is authority to support a finding that a depression 2-½" deep in a sidewalk in a business area such as this would support a finding that it was a defect for which the City could be held liable for injuries to a person falling in it. *Upham v. Boston,* 187 Mass. 220; *Reagan v. Belmont,* 316 Mass. 465; *Hawkes v. Metropolitan Transit Authority,* 328 Mass. 140. On the other hand there is authority that such a depression 7/8" deep would not constitute an actionable defect. *Newton v. Worcester,* 174 Mass. 181; *Isaacson v. Boston,* 195 Mass. 114; *Neilson v. Worcester,* 219 Mass. 88; *Vellante v. Watertown,* 300 Mass. 207; *Galante v. Brockton,* 305 Mass. 480; *Neiman v. Chelsea,* 310 Mass. 831.

We cannot agree with the judge's reason for excluding the evidence. The filling of the hole with the black-top and its removal six days later would be unlikely to change the position of the cement slabs, and if it did, the likelihood would be greater that the depression would be increased instead of decreased, to the advantage of the plaintiff. *Kelly v. Springfield,* 328 Mass. 16.

■ It has been held that a judge determining facts "should hear only what the law says he may hear." Conversely, he should not exclude from his consideration material and competent evidence which he ought to hear. *Holcombe v. Hopkins,* 314 Mass. 113, 118. It is error to disregard clearly relevent testimony. *Cobb v. Worcester County Electric Co.,* 338 Mass. 252. The error was made when the evidence was excluded.

■ We cannot say that the error was corrected or rendered harmless because the judge in his special findings stated that, even including the rejected evidence, he still found for the plaintiff. At the very least he had deprived the defendant of its right to pursue the matter further and to argue the force and weight of the pertinent evidence it had offered. Nor do we think that the evidence was to be rejected because six days had elapsed following the accident before measurements were made in the City's behalf. *Berrenberg v. City of Boston,* 137 Mass. 231; *Kelley v. Boston,* 201 Mass. 86; *Kelly v. Springfield,* 328 Mass. 16.

Admission of the rejected evidence at the new trial still poses a question of fact for the judge's decision. It is for him eventually to say which version of the dimensions of the defect is true. *Reagan v. Belmont,* 316 Mass. 467.

We see no error in the finding that the City should have known of the defect. *Kelly v. Springfield,* 328 Mass. 16, nor in the finding

of the plaintiff's due care. *Reagan v. Belmont,* 316 Mass. 467; *Elwell v. Athol,* 325 Mass. 41. Finally on the strength of the authorities already alluded to it may be found that a declivity 8″ X 9″ X 2-½″ deep in a sidewalk, especially in a busy area, is actionable by a person receiving injury directly because of it.

*There should be a new trial.*

Stephen T. Keefe, Jr., of Quincy, for the Defendant.