## *Northern District*
### No. 6124
### CLARA T. LOUD
#### v.
### INHABITANTS OF TOWN OF BELMONT

*Present*: Brooks, P. J., Yesley & Durkin, JJ.
  Case tried to *Connolly, J.* in the Third District Court of Eastern Middlesex, No. 3425.

*Durkin, J.* This is *an action of tort* to recover for personal injuries caused to the plaintiff on March 28, 1964, at about 10:00 A.M. while the plaintiff was walking on a public sidewalk on Common Street at or near Payson

Road in Belmont.

The defendant's answer in so far as is here material, was a general denial, that the plaintiff was contributorily negligent and assumed the risk of injury.

*There was evidence that* the plaintiff was walking on Common Street, looking where she was walking, that she tripped over a concrete sidewalk block with a difference in elevation between two concrete blocks at the place of the accident, estimated by the plaintiff's husband to be *two and one-half inches.* There was testimony from the assistant engineer and the senior engineer of the defendant, who estimated the difference between the blocks to be a maximum of *one inch* and tapering down to nothing in the center. Five photographs were introduced in evidence showing the location of the defect to be approximately in the center of the concrete walk. The area is fairly residential with stores and a large church in the vicinity of the location of the accident.

At the close of the evidence and before final arguments, the defendant made the following requests for rulings:

1. The evidence does not warrant a finding that the defendant failed and neglected to keep in a reasonable safe candition the place where the accident herein involved occurred.

2. On all the evidence, as a matter of law, the defendant did not fail and neglect to keep in a reasonable safe condition the place where the accident herein involved occurred.

3. On all the evidence, as a matter of law, the alleged defective condition herein involved did not constitute a defect within the meaning of G. L. c. 84, §15.

The court denied the defendant's requests and found for the plaintiff.

■ This statute (G. L. c. 84, §15) does not attempt to describe objectively such a defect. It prescribes the standard of duty for a town in the maintenance of its highways and describes the extent or character which will give rise to liability, in terms of the exercise of reasonable care and diligence on the part of the town in discovering and remedying such defect.

■ What is reasonable care is never a fixed or inflexible thing; it varies with the circumstances calling for its exercise. *Sears v. Greenfield,* 287 Mass. 445-447.

■ The first request called upon the court to rule that the evidence would not, in the light most favorable to the plaintiff, sustain a finding that the defendant had failed and neglected to keep the sidewalk where the accident occurred in a reasonable safe condition. The judge was not obliged to believe the defendant's witnesses that the difference in elevation of the concrete blocks was not mor than one inch. In weighing this contention raised by the defendant, the judge properly considered the case in the light of the evidence most favorable to the plaintiff and had a right to believe the testimony that the difference in elevation between the con-

crete blocks was two and one-half inches, and in so doing found as a fact that there was a defect that the defendant was responsible for. *George v. Malden,* 274 Mass. 606-607; *Reagan v. Belmont,* 316 Mass. 467-469; *Guidi v. Great Barrington,* 272 Mass. 577-579; *Kelly v. City of Springfield,* 328 Mass. 16; *Hanson v. Worcester,* 346 Mass. 51.

The defendant refers to the case of *Velante v. Town of Watertown,* 300 Mass. 207. The court is not unmindful that in that case one of the granolithic slabs had become tilted so that it rose vertically three-fourths of an inch above the adjoining slab and was not a defect, whereas, in the present case the judge was warranted in finding that the elevation between the two cement blocks was two and one-half inches and there was a defect. *Bracken v. City of Newton,* 5 Mass. App. Dec. 98; *Hamlet v. Inhabitants of Watertown,* 248 Mass. 473-474; *Murphy v. City of Somerville,* 253 Mass. 544; *Sheehan v. City of Lynn,* 269 Mass. 571-572.

It is a general rule that a judge's general and special findings are to stand if warranted upon any possible view of the evidence. In an action at law the duty of drawing proper inferences from the evidence rests upon the fact finding tribunal.

Unless a judge in a case heard without jury purports to make a complete statement of the case, his general finding imports a finding of all subsidiary facts and the drawing of all permissable inferences in its sup-

port. *M. DeMatteo Construction Co. v. Commonwealth,* 338 Mass. 569-572.

█ In reference to the defendant's two other requests, the court properly denied the same. Furthermore to allow these two requests would be asking the court to rule that the evidence in the case must be taken to affirmatively prove as a matter of law that the condition of the sidewalk at the point in question was not defective, whether or not the judge as the finder of facts believed otherwise. *Smith v. City of Fall River,* 295 Mass. 88.

The judge was not required to grant these requests unless, as a matter of law, a finding for the defendant was required. Such a finding was not required as a matter of law. The credibility of the testimony and the inferences to be drawn from the evidence, within the range of permissible inferences, were for the determination of the judge as trier of the facts and cannot be reviewed. *Howard v. Malden Savings Bank,* 300 Mass. 208-211; *New York Central RR v. Marinucci Bros. Co., Inc.,* 337 Mass. 469-471.

We find no error in the rulings of the trial judge and the report is therefore ordered dismissed.

Albert Wunderly, of Boston, for the Plaintiff.

Francis P. Hurley, of Boston, for the Defendant.