No. 267,851

### ANNA STOAK

v.

### CITY OF BOSTON

Argued: April 28, 1972   Decided: May 10, 1972

*Present:* Adlow, C. J., Gillen, Foster, J. J.

Case tried to *Elam, J.*

**Adlow, C. J.** Action of tort to recover for personal injuries sustained by reason of a defect in a public way. The accident happened on August 10, 1970.

*There was evidence to show that* while the plaintiff was crossing Summer Street in Boston and approaching the southerly side of the building occupied by Filene's store, she fell by reason of a defect in the curbing which defect was located about midway between Washington and Hawley Streets, and suffered injury therefrom.

At the close of the evidence the plaintiff called on the court to make certain rulings. We shall consider only those material to the issue. In the first place, the court ruled as requested by the plaintiff that (1) The evidence is sufficient to warrant or support a finding for the plaintiff. Such ruling was strictly in accordance with accepted principles of liability in analogous cases. However, the court refused to rule as requested by the plaintiff that (3) As a matter of law, the existence of a defect together with evidence of its condition and appearance can support and warrant a finding as to the prior existence of such a defect. There was a finding for the defendant, and the plaintiff being aggrieved by the refusal of the court to rule as requested brings this report.

The court erred in refusing to rule as re-

quested. The liability of the defendant municipality is predicated upon proof that the plaintiff was injured in a public way by reason of a defect for which the municipality was responsible. *Stone* v. *Boston,* 280 Mass. 31, 33-34. *Whalen* v. *Worc. Elec. Lt. Co.,* 307 Mass. 169. To this general proposition must be added the further consideration that the burden is on the plaintiff to prove that the municipality was negligent in the care and maintenance of that way. *Whitehead* v. *Lowell,* 124 Mass. 87. This negligence can only be established by proof of notice to the city of the existence of the defect. *Hanscom* v. *Boston,* 141 Mass. 242, 245. *Kelly* v. *Springfield,* 328 Mass. 16. Just how long the defect existed prior to the accident has a material bearing on determining whether there was a reasonable opportunity for those maintaining the way to repair the damage. *Dwyer* v. *Boston,* 180 Mass. 381. *Zachara* v. *Wakefield,* 291 Mass. 90. *Horne* v. *Boston Consol. Gas Co.,* 332 Mass. 312. Very often deductions can be made from the appearance of the defect as to how long it has endangered public travel. Whether the defect was one of long standing or very recent can often be discovered in its condition. If the edges of the defect are rough and broken it might well indicate a recent break; if, on the other hand, the defect appears worn and smooth we may deduce therefrom that it is of long duration.

Based on these considerations the photo-

graph that was in evidence provided the basis for a rational inference as to whether the authorities liable for the maintenance of the way had a reasonable opportunity to learn of the defect and to repair it. *Cook* v. *Boston,* 266 Mass. 159, 161. *Hanson* v. *Worcester,* 346 Mass. 51, 52-53.

Whether the court's finding for the defendant was based on considerations other than those involving the age of the defect does not appear. There were no findings of fact. It is possible that the court's ruling had a material bearing on the outcome. For this reason there must be a new trial.

Finding for defendant vacated.

**New trial ordered.**

Louis Barsky of Boston
for the plaintiff.

Thomas H. Martin of Boston
for the defendant.