*Western District*

## No. 137

## JOSEPH MUNGO
### v.
## THE CITY OF WORCESTER

Argued: Oct. 15, 1975. Decided: April 7, 1976.

Case tried to *Gould, J.,* in the Central District Court of Worcester. Number: 73-T-113.

Present: Cimini, Constantino, Walsh, J.J.

**Walsh, J.** This is an action of tort to recover for personal injuries for alleged negligence of the defend-

ant in maintaining a certain tree located adjacent to Franklin Street, a public way in the City of Worcester. The defendant answered by general denial disclaiming any municipal liability.

*The evidence showed that* on September 16, 1970 the plaintiff was driving along Franklin Street in Worcester when the limb of a tree bordering on the sidewalk fell and struck his car windshield. He regularly travelled this route in driving his child to school each morning. A witness who lived on Franklin Street testified that she had observed the tree to be dead. Both the plaintiff and the witness stated they had never reported the existence of the dead tree to any department in the City of Worcester although a few years earlier the witness stated she had reported the existence of another dead tree in front of her house to the City whereupon it was immediately condemned and removed. Although the testimony did not indicate how long the tree in question was decayed or dead, it was also established that upon notification of the defect, the defendant immediately condemned and removed the tree.

The trial justice made a memorandum of findings pertaining to the incident and the plaintiff's injuries. In his findings he noted that the accident happened on a clear day with no appreciable wind and that this large limb came down striking plaintiff's windshield shattering the glass all over him. The witness who lived on Franklin Street, in the neighborhood of the tree, observed that the tree from which the branch had fallen was dead during the year 1970. During a previous ice storm that year the weight of the ice had caused a branch to fall. She also saw the branch strike the plaintiff's windshield on the date of this incident. The justice noted that photographs of the tree in question were put in evidence by the plaintiff. Observance of these, he found, showed the tree to be in a decayed condition, and he also found the appearance would indicate that it had been in such

a condition for a considerable period of time. He further found that the condition of the tree indicated that the defective branch of the tree had existed for a sufficient period of time to put the defendant city on notice. There was a finding for the plaintiff in the amount of $2,000.00.

A decayed tree in the public way can under certain circumstances be considered an actionable defect for which a municipality can be held liable. *Wright v. Chelsea,* 207 Mass. 460, 465 (1911). Defendant's liability is statutory and it must be found that the tree is a defect within the meaning of the Statute.[1]

Defects in the public way are not limited to obstructions and excavations in the roadbed but must be something within the limits of the highway and dangerous by virtue of decay or an obstruction to public travel. *Andresen v. Lexington,* 240 Mass. 517, 519-520 (1922).

The defendant filed five requests for rulings which were all denied. Number one requested the court to rule that the plaintiff failed to meet its burden to prove that a defect had been there long enough for the city in the exercise of reasonable care and diligence to have known of it. The failure by the trial justice to grant this request and his finding that the tree had been decayed for a considerable period of time and that the city should have known of such condition are the only issues argued. In essence they raise the same issue. The question to be decided is whether the justice was justified in finding that the plaintiff met the burden of showing that the city had or by the exercise of proper care and diligence might have had reasonable notice of the defect, which might have been remedied by reasonable care and diligence on its part. *Miles v. Commonwealth,* 288 Mass. 243, 244 (1934). In short, did the evidence support such a finding.

---

[1] G.L.c. 84, §§1 and 15.

One aspect of this case is similar to *Olofson v. Kilgallon*, 362 Mass. 803, 804-805 (1973) where the trial justice in addition to listing the evidence in one section of his report also included some of the evidence with his findings of fact. It was held that where it was clear from a reading of the entire report that the justice intended his findings to be treated as both a summary of evidence and as findings of fact, this should be done. We feel the same rule should apply in this case.

We also feel the justice was correct in finding liability on the part of the defendant. It is so that there was no evidence indicating just how long the tree was decayed or dead. However, the test is whether it had been in a dangerous condition for a sufficient length of time to constitute reasonable notice to the defendant. *Donohue v. Newburyport*, 211 Mass. 561, 569-570 (1912). This accident happened on September 16, 1970, and there was evidence that the tree was dead during the winter or ice season of that year.

The defendant cites and argues the case of *Hanson v. Worcester*, 346 Mass. 51 (1963) as setting the standard to be applied as to whether there was evidence that a defect existed long enough for the city in the exercise of reasonable care to have known of it. The court stated (at page 52) that the defect and its general appearance "as shown in the excellent photographs, suggest strongly that it had existed for a considerable period." In the subject case there was similar photographic evidence for the trial justice's consideration to support his findings.

The *Hanson* case (p. 53) also reiterates the proposition that the issue as to the duration of the defect is one of fact. The question whether the tree was dangerous by reason of decay and consequent liability to fall is ordinarily a factual question. *Wright v. Chelsea*, 207 Mass. 460, 466. The defendant's request for ruling was properly denied, it having been rendered inapplicable by factual findings of the trial

justice which were warranted by the evidence. *Cassiani v. Bellino,* 338 Mass. 765, 766 (1959).

No prejudicial error having been found, **the report is ordered dismissed.**