McGuane, J.
This case presents a very narrow issue. Briefly the facts are *137 that the plaintiff was involved in an accident in which her motor vehicle was severely damaged and ultimately totaled by her insurance company.
From the date the car was determined totaled until the delivery to her of a new vehicle, she rented a vehicle. This claim is for the rental amount during that period. The trial judge found for the plaintiff for her loss of use.
The defendant made the following request for ruling which was denied by the trial justice.
‘As a matter of law, the plaintiff may recover for loss of use as an element of damages in a property damage case, but the total recovery may not exceed the total value of the property.’ (Gillette v. Western Railroad, 90 Mass. [8 Allen] 560.)
The plaintiffs claim is for the period from February 25, 1982 to April 28, 1982, a total of 63 days and in an amount of $950.00.
Other evidence was that the plaintiff received a check for the vehicle in the amount of $12,075.00 on March 15, 1982 and rental reimbursement in the-amount of $450.00 from her collission carrier who then became subrogated to her right of recovery.
She now claims for loss of use covering the period from payment by her carrier until delivery of the new vehicle, against the other operator involved in the accident.
The defendant’s argument is that the plaintiff is limited in her recovery to the value of the damaged vehicle. The trial court made a general finding for the plaintiff but made no findings of fact.
The findings of the trial justice must be sustained if the evidence reported, considered in its aspects most favorable to the plaintiff supports them. Sutherland v. McGee, 329 Mass. 530 (1952). The credibility of testimony and inferences to be drawn from the evidence within the range of permissible inference are for the trier of fact. Loud v. Belmont Ways, 34 Mass. App. Dec. 85 (1966).
The only evidence of the value of the plaintiffs vehicle was the receipt of a check from her insurer in the amount of $12,075.00. There was no evidence of before and after value. The trier certainly could have found that the amount received was not her true loss or that the check was for thefull intrinsic value of the vehicle.
The report of the trial justice shows ample basis for his finding and while he should have allowed defendant’s request as a correct statement of the law, it would not require a different result.
There being no prejudicial error an order shall be entered dismissing the report.