Dolan, J.
This appeal involves two actions of tort that were tried together. The complaint in civil action #16837 was filed on September 3, 1981 and alleged that on January 7,1981, the motor vehicle of the defendant, Checker Taxi Company, was negligently operated by its agent or servant, defendant *101 [1] Brizna G. Rogers, causing it to strike the parked motor vehicle of plaintiff, thereby causing property damage. The complaint in civil action #18273 was ■ filed March 15, 1982, and alleged that the same defendants were liable to plaintiff, as a result of the same motor vehicle accident, for damages incurred for loss of use of plaintiffs motor vehicle, and storage expense.
The trial judge found for the plaintiff against both defendants on the issue of liability. He found that plaintiff suffered property damage of its motor vehicle as a result of the accident and he determined that the vehicle was a total loss. He awarded plaintiff property damages of $2,650 based on the difference between the fair market value of the vehicle before the accident and the fair . market value of the vehicle after the accident. Judgment entered for plaintiff in civil action #16837 for $2,650 plus interest and costs.
Plaintiff delayed making a claim against its own collision insurer and received a check on or about March 5, 1981 which was used to purchase another vehicle to replace the one destroyed in the accident. The trial judge found that the plaintiff was deprived of the use of its vehicle for a period of 57 days, that this was a reasonable time under the circumstances, and that the fair value of the loss of use was $40 per day. He awarded the plaintiff $2,280 for loss of use damages. During the 57 day period, plaintiff obtained the use of a replacement vehicle from a related corporation. The trial judge also found that as a result of the accident, plaintiff incurred unreimbursed storage expense of $200. Judgment entered for plaintiff in civil action #18273 for $2,480, the sum of these two amounts, plus interest and costs.
Defendants claim to be aggrieved by the award of loss of use damages and by the splitting of claims resulting from one motor vehicle accident into two civil actions.
Damages for loss of use have long been recognized in this Commonwealth in those cases in which a damaged motor vehicle is repaired. “The loss of use of the automobile during the period of repair is as much the natural and necessary consequence of the tortious act of the defendant described in the declaration as is the cost of repair.” Antokol v. Barber, 248 Mass. 393, 396 (1924). Although there is sparse authority, damages for loss of use have not been recognized when the property damaged is totally destroyed. Morris v. Garvey, 1984 Mass. App. Div. 136, 137. The reason damages for loss of use are not generally recognized when property is totally destroyed appears to be based on the assumption' that an owner is able to immediately replace destroyed property.
While there may be special circumstances in some instances that would make this general rule inapplicable to a destroyed motor vehicle, there are no ■ such special circumstances in this case. In this case, the 57 day period was related to plaintiffs own delay in making a claim against its own insurer. We, therefore, rule that it was error to award plaintiff damages for the loss of use of its totally destroyed motor vehicle.
In this Commonwealth, a single cause of action may not be split and made the basis of several proceedings. Dearden v.Hey, 304 Mass. 659, 661 (1939). If a single cause of action was split, judgment rendered on the merits in one action would be a bar to the other action. Pontiff v. Alexander, 320 Mass. 514, 515 (1946). Although it was improper in this case to split these claims, the defense of res judicata does not arise because the cases were tried together. Except for *102 subjecting the defendants to double costs, the error was harmless. In order to avoid multiple judgments and costs, we order judgment to enter for plaintiff in CA 16837 for property damage in the amount of $2,660, plus storage fees of $200, interest and costs. We order judgment to enter for defendants in CA 18273.