Dohoney, J.
The plaintiff Kim Powers sued the defendant City of Worcester asserting liability under General Laws, Chapter 84, §15 relative to the maintenance of the surface of a crosswalk. The City of Worcester denied any liability and brought an action against Ed Strout & Co., Inc. as a third party defendant.
From the Report, we learn that in 1983 the City of Worcester entered into a contract with Ed Strout & Co., Inc. whereby Strout was to install certain water mains. Part of the contract obligated Strout to remove certain valve top boxes from the old mains. The valve top box in issue was approximately twelve inches in outer diameter and *41 eight inches in inner diameter. The cover is a metal plate that fits on the inside and rests on an inner lip. It weighs approximately ten pounds. Strout basically completed the work in October of 1983 but did not remove the valve top box at issue in Parker Street.
On June 3, 1985, the plaintiff Km Powers was walking in the crosswalk on Parker Street and fell into the valve top box. The cover was not present. No evidence was presented as to how long the cover had been missing.
The trial judge found for the plaintiff for the statutory limit of $5,000.00 and found for the third-party defendant. The defendant City of Worcester felt aggrieved.
The trial justice made findings of fact and reported certain questions to the Appellate Division. See General Laws, Chapter 231, §108 which provides
A single justice may, after decision thereon, report for determination by the appellate division any case in which there is an agreed statement of facts or a finding of facts...
We will address the second issue reported because it is dispositive of the case. This second reported question is
ASSUMINGTHE APPELLATE DIVISIONFINDSTHATTHEREWASA DEFECT, WITHIN THE MEANING OF MASS. GEN. LAWS C. 84, §15, IN THIS CASE, WHETHER WITHIN THE MEANING OF §15 THERE WAS EITHERACTUALORCONSTRUCTIVENOTICETO THE CITYOFTHAT DEFECT.
General Laws, Chapter 84, §15 provides forrecoveryforpersonswho sustainbodily injury
by reason of adefector awant of repair... in or upon away, and such injury or damage might have been prevented, or such defect or want of repair... might have been remedied by reasonable care and diligence on the part of the... city... obliged to repair the same, [such persons] may, if such... city ... had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair... recover damages....
This rather clumsily worded statute is explained succinctly in NOLAN & SARTORIO, TORT LAW, (Second Edition 1989) Section 456 as follows:
It is not sufficient for the plaintiff to prove the defect and his causally related injury. There must be evidence that the city or town failed to use reasonable care and diligence to remedy the defect. The plaintiffs burden, then, is two-fold: (1) he must demonstrate that the defect had existed long enough for the defendant in the exercise of reasonable care and diligence to have known about it, and (2) that the city or town failed to remedy or guard against it. The city or town is not an insurer.
In one of the most recent cases involving liability for public ways, our Supreme Judicial Court has restated that it is an “unequivocal requirement” that the municipality have reasonable notice of the defect. See Ram v. Charlton, 409 Mass. 481, 489 (1991). If the length of time that the defect existed is left to conjecture, the plaintiff cannot recover. LaPlant v. Springfield, 348 Mass. 774 (1964). Frequently, resort can be had to the type of defect to infer that it has existed for a period of time. See Hanson v. Worcester, 346 Mass. 51 (1963) for a case involving water boxes within sidewalks in the City of Worcester.
*42 When we apply these principles of law to the evidence contained in the Report, we find that the plaintiff failed to introduce any evidence to sustain this burden. The Report states “No evidence was provided as to how long the cover had been missing prior to plaintiffs accident.” The Report indicates three possible causes for the missing cover. Vandals sometimes remove the covers, snow plows sometime knock them off, and vehicular traffic occasionally dislodges them. Either the removal by vandals or by vehicular traffic could have occurred almost immediately prior to the accident. Under these circumstances, the plaintiff has not introduced any evidence to meet her burden.
It could of course be a defect to utilize a cover that is easily dislodged by traffic or vandals. However, our Report is lacking any such evidence. The Report does indicate that over ten thousand of these covers are in use in the City of Worcester. However, we have no evidence of the frequency of dislodgement. Thus, we cannot say that there is evidence of negligence in utilizing this type of assembly.
The plaintiff appears to place significant emphasis on the fact this line was abandoned. This fact alone cannot establish negligence. If the City did not have reason to know the cover was missing, there can be no recovery. If the assembly was inherently dangerous and thereby defective, it should not have been used for active or abandoned lines. If it was not a defective assembly, it is not actionable for abandoned lines.
Accordingly, the Judgment is reversed and the Clerk of the Central Worcester Division is directed to enter Judgmentfor the defendant City of Worcester and for the third-party defendant Ed Strout & Co, Inc.